Pearson, J.
 

 The motion in arrest of judgment made in the Court below, and the opinion of his Honor, were founded in an entire misconception of the effect of sending a new bill
 
 *223
 
 for the same offence. It was there treated as instituting a separate and distinct proceeding, so that it was considered that the order of removal applied only to the last bill, and carried that alone, to the county of Sampson for trial, leaving the first bill in the county of Cumberland: this we say, was an entire misconception; the effect was simply to add another count to the bill of indictment; the whole constituted but one proceeding, to be treated as if the bill had at the first contained three counts, instead of two. If the counts be inconsistent, it is ground for a motion to quash, or the State may be ruled to elect upon which the trial shall be had; but this is only done to prevent inj ury to the accused, but never when the counts are only variations in the mode of charging the same offence; and the fact that the counts are all in one bill or in two bills, both being found by the grand jury, makes no kind of difference ;
 
 State
 
 v.
 
 Haney, 2
 
 Dev. and Bat. 390;
 
 State
 
 v. Tisdale, ib. 159.
 

 It is upon this ground, that although the solicitor for the State enters a
 
 nol. pros,
 
 upon the first bill, and sends another upon which the prisoner is tried and convicted, he is subjected to the costs of the old bill, both being treated as one and the same bill;
 
 State
 
 v.
 
 Harshaw, 2
 
 Car. L. R. 251.
 

 The order of removal in this case, carried both bills to the county of Sampson: they together constituted the case to be tried, in reference to which the order of removal was made, so that the trial was Well had upon the first bill.
 

 In this Court, a motion in arrest was made, upon the ground, that one count of the indictment charges the homicide to have been committed in the county of Cumberland, and the other count charges it in the county of Harnett, which is repugnant. It would seem that this is a fatal objection, unless there be something
 
 peculiar
 
 in the connection between the counties of Cumberland and Harnett; for, under our system, the issue must be tried by a jury from the county of the venue, and the trial must be had in that county; so it would be impossible to try upon an indictment in which one count charges the offence in Cumberland, for instance, and another count
 
 *224
 
 charges it in Wake. But in regard to the county of Harnett, the statute by which it is created provides, “ The Superior Courts of law and equity for the county of Cumberland shall have jurisdiction of ail capital felonies, that have been, or shall be committed, in the county of Harnett,” A. D. 1854, ch. 9, sec. 10. This removes the difficulty. Harnett county is treated, for the purpose of the trial of capital felonies, as if it still continued to be a portion,of the county of Cumberland. There is no repugnancy in the two counts, and only that variation in charging the same offence, for the purpose of meeting any probable state of the evidence as it may turn out on the trial, that has been sanctioned and practiced for ages in drawing bills of indictment as well as declarations. In arson, for instance, one count may charge the house to be the dwelling of A, and another may charge it to be the dwelling of B; this being a collateral circumstance, not directly forming a part of the body of the offence, or affecting the guilt of the prisoner, and it is charged in different ways to permit a variance between the
 
 allegata
 
 and the
 
 probata.
 

 There is error in the order of the Court below arresting the judgment. This opinion will be certified, to the end that the Superior Court may proceed to judgment and sentence agreeably to the decision of this Court, and the laws of the State.
 

 Pee CueiaM, Judgment reversed and
 
 procedendo.