## STATE v. HATTON PERRY.

### (Decided March 22, 1898).

*Iudictment for Rape—Appeal—New Trial—Res Judicata—Trial —Practice—Findings of Jury—Grand Jurors—Minors—Verdict.*

1. While an affirmance of a judgment on appeal is necessarily an adjudication upon every assignment of error and of every matter which might have been urged in arrest of judgment, yet, where a new trial is granted, the judgment is *res judicata* only upon the errors ruled upon in the opinion though other errors were assigned on the appeal.

2. Where two bills of indictment are found by a grand jury at the same term and a prisoner is tried upon both and found guilty, the two bills constitute, in effect, counts in the same bill and if either is good it supports the verdict.

3. The regulations contained in Sections 1722 and 1728 of *The Code* relative to the revision of the jury list are directory only and, while they should be observed, the failure to do so does not vitiate the *venire* in the absence of bad faith or corruption on the part of the County Commissioners.

4. The competency of a grand juror depends upon his status at the time of service and not at the time when his name was put on the jury list; hence, the fact that a grand juror was a minor when his name was put on the jury list is immaterial if he was of age at the time he served.

5. Where a grand juror was of age when he served *as such* in February, 1897, but reached his majority in September, 1896, the fact that he had not paid his taxes, for the preceding year, (1895) is no tenable objection to his competency to serve, since he could not have been liable for a poll tax and may not have had any property liable for taxation, and especially where it was found, as a fact, that no taxes were assessed against him for 1895. Besides, grand jurors are not required to be free-holders.

6. The burden of showing a disqualification of a grand juror is upon the defendant.

7. An indictment found by a grand jury of twelve men is good, provided all of the twelve concur in finding the bill.

8. The presumption of law is that an indictment was properly found in the absence of a plea in abatement on that ground.

STATE *v.* PERRY (HATTON).

9. Where a case on appeal is not served until 11 days after the adjourn-
      ment of the Term of Court at which judgment was rendered, all
      assignments of error, other than those to matters of record, will be
      considered as immaterial.

INDICTMENT for rape tried at the Fall Term, 1897, of
BEAUFORT Superior Court before *Brown, J.,* and a jury.
The facts necessary to an understanding of the opinion
are stated therein. (The report of a former appeal in
same case is contained in 121 N. C., at page 533). The
defendant was found guilty and appealed from the judg-
ment of the court sentencing him to be hanged.

*Mr. Zeb V. Walser, Attorney-General* and *Mr. John
H. Small,* for the State.
*Mr. Charles F. Warren,* for defendant (appellant).

CLARK, J.: This case was here at the last term, (121
N. C., 533,) and a new trial was then granted. The
prisoner having been found guilty by a second jury
again appeals. His first two exceptions are to the over-
ruling the pleas of abatement as to the bill which were
also presented as exceptions on the former appeal. The
Attorney General contends that those matters are *res
judicata.* Where there is an affirmance of a judgment,
this necessarily is an adjudication upon every assign-
ment of error, and of any matter which might have
been urged (whether it was or not) in arrest of judg-
ment. *State* v. *Speaks,* 95 N. C., 689. But here, there
was a new trial granted upon another point, and the
judgment was only *res judicata* upon the errors ruled
upon in the opinion. Of course, errors assigned in the
former trial as to matters occurring in the progress of
that trial, as the admission of evidence, instructions to
the jury and the like, have become immaterial now,

whether we passed upon them or not, as the trial is *de novo.* But the exceptions to the overruling the pleas in abatement to the bill not having been passed upon on the former appeal were not *res judicata* and being again made before the Judge below an exception lies to his overruling the same, unless the solicitor had made it immaterial, as he might have done, by sending a new bill.

There were two bills found at the February term, 1897. and the prisoner having been tried upon both, they are in effect counts in the same bill. (*State* v. *McNeill,* 93 N.C., 552; *State* v. *Johnson,* 50 N. C., 221,) and if either is good, the good count supports the verdict. *State* v. *Toole,* 106 N. C. 736 and numerous cases there cited.

The plea in abatement to the first bill is that one of the grand jurors who found the bill was not of age till the 22nd of September, 1896, and consequently was not of age when the jury list was revised on the first Monday in September, 1896, and has not paid his taxes for the year previous (1895). But he was of age when he sat as grand juror at February term, 1897, and was of age when drawn as a juror in January, 1897. There was therefore no defect of which the prisoner could complain. *State* v. *Smarr,* 121 N. C., 669. If competent when his name is put on the jury list but incompetent when he serves, it is ground of objection, as his competency depends upon his status at the time of service. *State* v. *Wilcox,* 104 N. C. 847. It has always been held that the regulations in *The Code,* Sections 1722 and 1728, are directory only to the Board of County Commissioners, and, while they should be observed, a failure to do so does not vitiate the *venire* in the absence of bad faith or corruption on the part of the County Commis-

STATE *v.* PERRY (HATTON).

sioners. If this were not so there has probably never been a valid *venire*, for it is almost impossible but that the County Commissioners, in revising the jury·list should put in the jury box some names which should not be put therein, and should fail to put in some which should be placed therein. *State* v. *Smarr, supra; State* v. *Stanton*, 118 N. C., 1182; *State* v. *Fertilizer Co*, 111 N. C., 658; *State* v. *Wilcox*, 104 N. C., 847; *State* v. *Hensley*, 94 N. C., 1021; *State* v. *Martin*, 82 N. C., 672; *State* v. *Griffice*, 74 N. C., 316; *State* v. *Haywood*, 73 N. C., 437.

Consequently the test is not whether the name ˚of a juror was properly or improperly placed on the jury list by the commissioners, but the objection is to him when he serves. The Judge, before the grand jury is empanneled, always asks, (or should do so) "if any of them had failed to pay their taxes for the preceding year, or have a suit pending and at issue at that term." If any respond affimatively, they are stood aside. And as to the petit jury, unless challenge on such ground is made in apt time, it is not ground of exception. Our statute does not expressly require that a juror should be 21 years of age, but we take it that if one presents himself as a petty juror, who is a minor, he would be rejected upon challenge, and if a minor serves as a grand juror it would be a good plea in abatement to all bills in whose finding he took part, (*State* v. *Griffice, supra*) but the mere fact that such a one was drawn by the County Commissioners as a juror would not vitiate the whole *venire* and all bills and verdicts found at that term; much less would the putting the name of a minor in the jury box vitiate the *venire* when, as here, he was of age when he was drawn out. Neither can it be any objection that he had not paid his taxes for the preced-

ing year (1895) when he was not of age till the 22nd of September, 1896. If this were not so, men would not be competent for jurors till after they were 22 years of age. Besides, grand jurors are not required to be free holders, (*State* v. *Wincroft*, 76 N. C., 38,) and this juror may have. had no property for his guardian, (if he had one) to pay taxes upon, even if that could disqualify the juror, and, indeed, it is found as a fact that no tax was assessed against him for 1895, and of course he could he liable for no poll tax for 1895. The burden is upon the prisoner to show the disqualification. *State* v. *Seaborn*, 15 N. C., 305. We are constrained to hold that he has not done so as to the juror. The bill was found by a grand jury, all of whom were *legales homines*.

The foreman of the grand jury out of abundant caution afterwards discharged the aforesaid grand juror, and thereafter at the same term a second indictment was returned against the prisoner. To this he pleaded in abatement because it was found by only 17 grand jurors.

This objection to the second bill is untenable. The Judge or the foreman had the right to excuse the juror. *State* v. *Barber*, 113 N. C., 711; Thompson & Meriam on Juries, Section 580. An indictment is valid if there are only 12 grand jurors, (*State* v. *Davis*, 24 N. C., 153; *State* v. *Barker*, 107 N. C., 913) provided all twelve concur in finding the bill, as must be the case even when 18 grand jurors are present, and the presumption of law is that the indictment was properly found in the absence of a plea in abatement on the ground, and proof. *State* v. *McNeil*, 93 N. C., 552.

The other objection to the second bill that it charges the word "feloniously" only as to the assault and does not repeat it before the allegation of rape (*i. e.* the bill

STATE *v.* PERRY (HATTON).

charges that the prisoner feloniously assaulted the prose-
cutrix, and did carnally know and ravish her forcibly
and against her will) raises a nice question under the
statute curing refinements and informalities (*Code*, Sec-
tion 1183) upon which we are not called to pass, as the
form of the first count is unquestionably good, and the
law applies the verdict to that count. *State* v. *Toole,*
*supra.* We repeat however, as was said in *State* v.
*Barnes,* at this term, that solicitors should observe the
approved forms and not incur the risk of a miscarriage
of justice by inadvertent omissions of this kind.

Court adjourned on Saturday, December 11, and the
case on appeal was not served till December 22. This
makes immaterial all assignments of error, other than
those to the matters of record above discussed, but
owing to the importance of the case we have carefully
considered them, the attorney general upon intimation
from the Court having properly withdrawn objections
on that score, and doubtless would have done so of his
own motion. We find, however, the exceptions in the
case proper without merit, indeed several of them
were not urged by the defendant's counsel on the
argument.

No error.