STATE v. C. E. CAGLE.

(Filed 11 December, 1935.)

1. **Homicide G e—Motion to nonsuit held properly refused where State's evidence shows defendant killed deceased with deadly weapon.**

   Where the State shows by evidence that defendant killed deceased with a deadly weapon, defendant's motion for judgment as of nonsuit is properly refused, since the State's evidence raises the presumption that defendant is guilty of murder in the second degree, with the burden on defendant to show matters in mitigation or excuse.

2. **Criminal Law I g—**

   If defendant desires fuller or more specific instruction on any point, he should aptly make request therefor.

APPEAL by defendant from *McElroy, J.,* at March Term, 1935, of GUILFORD. No error.

The defendant was indicted for the murder of one Ranney Stack. At the outset of the trial the solicitor announced he would not ask for a verdict of guilty of murder in the first degree but for a verdict of guilty of murder in the second degree or manslaughter, as the evidence might warrant.

The State offered evidence tending to show that the defendant shot and killed the deceased in front of defendant's store, and the defendant, testifying in his own behalf, admitted that he shot and killed the deceased and pleaded self-defense.

The jury returned a verdict of guilty of manslaughter, and from judgment thereon defendant appealed.

*Attorney-General Seawell and Assistant Attorney-General Bruton for the State.*

*Gold, McAnally & Gold for defendant.*

PER CURIAM. Defendant's motion for nonsuit was properly denied. As was said in *S. v. Johnson,* 184 N. C., 637: "We could not nonsuit the State, . . . for when there is a killing with a deadly weapon, as there was in this case, the law implies malice, and it is, at least, murder

in second degree, and the burden then rests upon the prisoner to satisfy the jury of facts and circumstances in mitigation of or excuse for the homicide, the credibility of the evidence, and its sufficiency to produce this satisfaction being for the jury to consider and decide."

The defendant excepted to several portions of the judge's charge, but upon careful examination of the charge, we find it in substantial accord with the rulings of this Court. If the defendant desired fuller or more specific instruction on any point, request therefor should have been made. *Simmons v. Davenport,* 140 N. C., 407.

The case seems to have been fairly tried. We find

No error.