STATE v. JOHN PEACOCK.

(Filed 24 September, 1941.)

**1. Grand Jury § 1—**

Ch. 189, Public-Local Laws 1937, providing that the Board of County Commissioners of Wilson County shall select grand juries in the county "in the manner prescribed by law," merely empowers the Board of Commissioners to draw grand juries in the manner prescribed by the general law, C. S., 2333, and does not alter the method of election, challenge, discharge, etc., and there being no provision in the Constitution prescribing or proscribing any particular method of selection, the Act is a valid exercise of legislative power.

**2. Indictment § 2—**

Defendant's motion to quash on the ground that the grand jury returning the bill of indictment was selected under the provision of ch. 189, Public-Local Laws 1937, should have been overruled, since a party litigant does not have the right to select jurors, but only to challenge or reject them, and the Act relates only to procedure and not to the number or qualifications of jurors or to the composition of the grand jury. C. S., 2335.

APPEAL by State from *Harris, J.,* at May Term, 1941, of WILSON.

Bill of indictment charging the defendant with the larceny of an automobile, of the value of more than $20.00, the property of one Cleo Smith, and (2) with receiving said automobile knowing it to have been feloniously stolen or taken in violation of C. S., 4250.

Motion before plea to quash for *propter defectum* in the grand jury allowed, and the State appeals.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*No counsel for defendant.*

STACY, C. J. The question for decision is whether a grand jury selected under the provisions of ch. 189, Public-Local Laws 1937, is a lawfully constituted body and competent to return a true bill against the defendant.

The purpose of the Act, as expressed in the title, is "to regulate the drawing of grand jurors in Wilson County." It provides that on the first Monday in July, 1937, the Board of County Commissioners of Wilson County shall draw, in the manner prescribed by law, nine grand jurors to serve for a period of six months and nine grand jurors to serve for a period of twelve months, and that thereafter, on the first Monday in January and July, the said Board of Commissioners shall draw nine jurors to serve for a period of twelve months.

STATE *v.* PEACOCK.

It is further provided that the judge presiding over any term of the Superior Court of Wilson County may at any time discharge said grand jury from further services, in which event, he shall cause the Board of County Commissioners to draw a new grand jury to serve during the unexpired terms of the members of the grand jury discharged.

It is conceded that the grand jury which returned the bill in the instant case was duly impaneled and sworn at a previous term of the court.

The reason assigned by the trial court for holding the Act invalid is, that it "contains no provision empowering this court to exercise any discretion in respect of the grand jury drawn by the Board of County Commissioners and attempts to deprive this court of its natural, inherent and necessary functions in this respect."

It will be observed that according to the provisions of the statute, the Wilson County Board of Commissioners is empowered to draw the grand jurors "in the manner prescribed by law." This means in the manner prescribed by the general law. C. S., 2333. So, the only difference provided for the selection of grand juries in Wilson County is, that the grand jurors are to be drawn by the Board of County Commissioners. In all other respects the method of selection, challenge, discharge, etc., is to conform to the general law. *S. v. Levy,* 187 N. C., 581, 122 S. E., 386.

Does this single departure invalidate the statute? The pertinent authorities suggest a negative answer. *S. v. Mallard,* 184 N. C., 667, 114 S. E., 17; *S. v. Wood,* 175 N. C., 809, 95 S. E., 1050; *S. v. Brittain,* 143 N. C., 668, 57 S. E., 352; *S. v. Lewis,* 142 N. C., 626, 55 S. E., 600; *S. v. Barker,* 107 N. C., 913, 12 S. E., 115. The change relates only to procedure, and not to the number or qualification of jurors or to the composition of the grand jury.

The right of a defendant, or party litigant, in respect of the jury, grand or petit, is to challenge, or to reject, and not to select jurors. C. S., 2335. *S. v. Levy, supra.* There is no provision in the Constitution prescribing or proscribing any particular method of selection. *S. v. Brittain, supra.* The subject is one which the General Assembly is authorized to regulate by statute. 24 Am. Jur., 844, *et seq.* This it has done here.

The motion to quash on the ground stated should have been overruled.

Reversed.