STATE v. GORDON REDDICK.

(Filed 8 January, 1943.)

**1. Criminal Law § 59—**

> A motion to set aside a verdict is addressed to the sound discretion of the trial court and a refusal to grant it is not reviewable.

**2. Criminal Law § 65—**

> An exception to a judgment of imprisonment in the State's Prison for a term of three years, pronounced against a defendant upon a verdict of guilty of receiving stolen goods, knowing them to be stolen, is untenable, since the judgment is within the statute. C. S., 4250.

**3. Criminal Law § 53a—**

> In a criminal prosecution an exception to a statement in the court's charge which merely gives the defendant's contentions as to evidence of his good character, is untenable, where no exception was taken at the time nor was it called to the attention of the court before verdict, and the court prior thereto had correctly charged the jury on "character evidence."

**4. Criminal Law § 41g—**

> A conviction may be had in a criminal prosecution on the unsupported testimony of an accomplice.

**5. Criminal Law § 53a**

    A reversal of conviction in a criminal case will not be granted for failure of the court to instruct upon a subordinate feature, in the absence of a special request therefor. Applying the rule to the failure of the court to charge the jury that they should receive the testimony of accomplices and accessories with caution.

APPEAL by defendant from *Bobbitt, J.,* at July Term, 1942, of FORSYTH.

The defendant was tried and convicted upon a bill of indictment charging that on 27 May, 1942, he did unlawfully, willfully and feloniously receive stolen goods, to wit: automobile tires of the value of $393.00, the property of W. D. Holt and others, knowing at the time he received the same they had been feloniously stolen.

Upon a jury verdict of guilty as charged, judgment of imprisonment in the State's Prison for a term of three years was pronounced, from which judgment the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Fred Folger and Jones & Brassfield for defendant, appellant.*

SCHENCK, J. The first two exceptions set out in the appellant's brief are Exception No. 1 to the refusal of the court to set aside the verdict, and Exception No. 2 to the judgment of the court. The motion to set aside the verdict was addressed to the sound discretion of the judge and a refusal to grant it is not reviewable. *S. v. Wagstaff,* 219 N. C., 15, 12 S. E. (2d), 657. The exception to the judgment is untenable since the judgment is well within the provision of the statute, C. S., 4250; *S. v. Daniels,* 197 N. C., 285, 148 S. E., 244, and cases there cited.

The third exception set out in the appellant's brief is Exception No. 8, which is lodged to the following excerpt from the charge of the court: "The defendant argues and contends that you should accept his testimony about the matter as to what his intention was and as to what his knowledge was, that men have come here and testified that they have known him, that he is a man of good reputation and character. The defendant argues and contends that you should accept his testimony and this testimony as to his general character as bearing upon the weight that you will give his own testimony upon the witness stand and also as bearing on the question as to whether or not a person of good reputation and character would be likely to commit a crime involving felonious intent and guilty knowledge such as that of which the defendant stands charged, the defendant argues and contends."

In the early part of the charge the court gave a proper instruction as to "character evidence," how it should be considered in the dual capacity of evidence in corroboration of the defendant's testimony and evidence of a substantive nature bearing upon the defendant's guilt or innocence. His Honor's words were: "The defendant has gone upon the witness stand and has testified in his own behalf as he has the right to do under the law. In reference to the testimony of the defendant, the law says that you should scan and scrutinize his testimony carefully in the light of his interest in your verdict and in the outcome of the trial. The law says further that after you have so scanned and scrutinized his testimony, if you reach the conclusion that he is telling the truth, then you will give his testimony the same weight that you would give to the testimony of a disinterested, credible witness.

"Now, the defendant has offered the testimony of certain witnesses, namely, J. H. Baggs of Winston-Salem, Willis Jessup, Chief of Police of Mount Airy, W. H. Holcomb of the John H. Midkiff Hardware Company of Mount Airy, J. S. Miller, Sherman Nichols, all of whom have testified that they know the general reputation of the defendant and that the general reputation of the defendant during the period each one has known him respectively, is good. This evidence, which we speak of as character evidence, is to be considered by you in two aspects. In the first place, you may consider it as corroborative evidence; that is, as bearing upon the subject as to the weight, if any, you will give to the testimony of the defendant while witness was upon the witness stand, bearing upon the credibility of the defendant as he testified as a witness on the witness stand during this trial. Also, you will consider this evidence, Gentlemen of the Jury, as substantive evidence; that is, as bearing upon the question as to whether the person of good general reputation and character would be likely to commit a crime of the nature and character of that of which this defendant is now on trial." This charge is in accord with our decisions.

It will be noted that the excerpt to which the exception is addressed was a mere statement of the defendant's contentions, and no exception was made thereto at the time it was delivered, nor was it in any way called to the attention of the court before verdict was rendered to enable the court to make correction if error had been made. Under these circumstances the exception is untenable. S. v. Hobbs, 216 N. C., 14, 3 S. E. (2d), 431, and cases there cited; S. v. King, 219 N. C., 667, 14 S. E. (2d), 803.

The fourth exception set out in the appellant's brief is Exception No. 9 addressed to the court's failure to charge the jury that it was their duty to receive the testimony of accomplices and accessories (in this case the State's witnesses Jones and Ayers) with caution, and that

they should be cautious in convicting upon the uncorroborated testimony of accomplices. There was no request for special instructions to this effect, and the exception is therefore untenable. This Court has held in various decisions that a conviction may be had upon the unsupported testimony of an accomplice. *S. v. Gore,* 207 N. C., 618, 178 S. E., 209; *S. v. Ashburn,* 187 N. C., 717, 122 S. E., 833. It has also been often held with us that a reversal will not be granted for failure of the court to instruct upon a subordinate feature in the absence of a special request therefor. *S. v. Bohanon,* 142 N. C., 695, 55 S. E., 797; *S. v. Cagle,* 209 N. C., 114, 182 S. E., 697.

In the case of *S. v. Wallace,* 203 N. C., 284, 165 S. E., 716, *Justice Adams,* in speaking for the Court and discussing the court's failure to instruct the jury to scrutinize the testimony of an alleged accomplice in the crime, said: "The principle is sustained in a number of our decisions and explicitly approved in the following words: 'Instruction to scrutinize the testimony of a witness on the ground of interest or bias is a subordinate and not a substantive feature of the trial, and the judge's failure to caution the jury with respect to the prejudice, partiality, or inclination of a witness will not generally be held for reversible error unless there be a request for such instruction.' *S. v. O'Neal,* 187 N. C., 22; *S. v. Sauls,* 190 N. C., 810."

The remainder of the exceptions in the record are not set out in the appellant's brief and are, therefore, deemed abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 562 (563). *S. v. Abernethy,* 220 N. C., 226, 17 S. E. (2d), 25.

The only exceptions to the charge are the ones heretofore discussed. The charge is comprehensive and fair. The verdict is based upon sufficient evidence. The judgment is supported by the verdict and the law. In the record we find no prejudicial error.

No error.