## STATE v. BRUCE PHILLIP STEVENS.

(Filed 2 May, 1956.)

**1. Grand Jury § 1—**

A party litigant has no right to select a grand juror but may object only to his selection on the ground that he does not possess the qualifications or that the manner of his selection was illegal.

**2. Same—**

The authority conferred on the presiding judge by local law applicable to the county to discharge the whole grand jury includes the right to discharge any one of the grand jurors and to fill the vacancy thus occasioned with another possessing the requisite qualifications.

**3. Same—**

Statutory provisions which relate to the number and qualifications of grand jurors and which are designed to secure impartiality and freedom from unfair influences are deemed to be mandatory; those which prescribe mere details as to the manner of selecting or drawing them are usually regarded as directory only.

**4. Same—**

The burden is on the objecting party to show disqualification of a grand juror.

**5. Criminal Law § 44—**

Where motion for continuance is based solely on absence of witnesses and not lack of time to prepare the defense, and defendant fails to show any effort to have the witnesses in court and fails to show what testimony material to the defense they could give if present, there is no showing of abuse of discretion by the trial court in denying the motion.

**6. Criminal Law § 50d—**

The court may ask a witness questions of a clarifying nature.

**7. Criminal Law § 81b—**

Appellant must show prejudice in order to be entitled to a new trial.

**8. Criminal Law § 78e (1)—**

An exception to a long portion of the charge which does not point out the matter complained of is insufficient. Rule of Practice in the Supreme Court No. 19(3).

**9. Criminal Law § 53e—**

Where the State relies largely on direct evidence, the failure of the court to charge with respect to the nature of incidental and corroborative circumstantial evidence will not be held for error in the absence of a special request.

**10. Criminal Law § 53j—**

> In the absence of a special request, the failure of the court to charge the jury to scrutinize the testimony of accomplices will not be held for error, the matter being a subordinate and not a substantive feature of the case.

Johnson, J., not sitting.

Appeal by defendant from *Williams, J.,* October, 1955 Criminal Term, Superior Court, Lee County.

Criminal prosecution upon bill of indictment in which the defendant was charged with aiding and abetting William G. Holifield and William Longo in the commission of the crime of robbery with firearms. Bill of indictment was returned at the October, 1955 Term, Lee Superior Court, by a grand jury selected under the authority of Chapter 354, Public-Local Laws of 1931, applicable to Lee County. The Act provides in substance that the grand jurors shall serve for one year, nine of whom shall be selected at the March Term, and nine at the October Term each year. The judge of the Superior Court presiding over any civil or criminal court "may at any time discharge said grand jury from further service, and, in such event, he may cause a new grand jury to be drawn which shall serve out the unfinished time of any grand jury thus discharged."

At the October, 1955 Term of the Superior Court the nine grand jurors, including Clarence C. Kelly, selected at the March, 1955 Term, were present. The presiding judge in open court made this statement: "The court finds that grand juror Clarence C. Kelly is disqualified for grand jury service and he is, therefore, dismissed and excused from further duty on the grand jury." The court inquired of defense counsel, "Do you want me to find facts?" Counsel replied, "It is not necessary." The court then stated: "I found that he was disqualified, he having been indicted and convicted of drunk driving and not fit to serve on the grand jury."

Under the court's order 10 grand jurors were then drawn, sworn and charged. The ten grand jurors thus drawn, together with the eight holding over, constituted the panel. The grand jury returned the indictment on which the defendant was put upon trial. The defendant moved for a continuance for that certain of his witnesses were on maneuvers in Alabama and unable to attend. The witnesses were not shown to have been under subpoena. The motion for continuance was not supported by affidavit or other showing as to the relevancy of their testimony, if present. The court denied the motion and the defendant excepted. Before plea, the defendant moved to quash the indictment for that it was returned by an illegally drawn grand jury. The motion to quash was denied and the defendant excepted.

The State offered numerous witnesses, among them two soldiers from Fort Bragg, William G. Holifield and William J. Longo, both of whom pleaded guilty to the robbery. Both testified the defendant, Bruce Phillip Stevens, planned the crime, furnished the pistol, waited for them in his car outside the place where the holdup occurred, took them away from the scene, and that the three divided the money obtained in the holdup. The State introduced the evidence of other witnesses in corroboration.

The defendant introduced evidence of his good character. He offered evidence of his wife, his brother and his brother's wife, and others tending to establish an alibi. He also, by consent, offered a statement from Tommis Measamer, who "asked Longo why they were trying to put the robbery on Bruce, and Longo said Bruce had a blue Mercury car and they were trying to make a fall guy out of Bruce."

The jury returned a verdict of guilty. The defendant moved (1) to set aside the verdict, (2) for a new trial, and (3) in arrest of judgment. The motions were denied and the defendant again excepted. From the judgment that the defendant be confined in the State's Prison at hard labor for not less than 15 years nor more than 20 years, the defendant appealed.

*William B. Rodman, Jr., Attorney General, T. W. Bruton, Assistant Attorney General, for the State.*
*Pittman & Staton,*
*By: J. C. Pittman, for defendant, appellant.*

HIGGINS, J. The defendant's motion to quash the indictment made before plea, and the motion in arrest of judgment made after verdict, challenge the validity of the indictment upon the ground that it was returned by an illegally constituted grand jury. The defendant contends the court committed error (1) in discharging grand juror Kelly for an insufficient reason, that is, "He had been tried and convicted for driving drunk and not fit to serve on the grand jury," and (2) ten grand jurors were selected at the October, 1955 Term, whereas the law applicable to Lee County provided for the selection of only nine members.

While the defendant had no right to keep Kelly on the grand jury and cannot complain of his removal, he did have the right to object to the selection of his successor, either on the ground that he did not possess the qualifications or that the manner of his selection was illegal. In the case of *S. v. Peacock*, 220 N.C. 63, 16 S.E. 2d 452, this Court, speaking through *Stacy, C. J.*, said: "The right of a defendant, or a party litigant, in respect of the jury, grand or petit, is to challenge or reject, and not to select jurors, *S. v. Levy, supra* (187 N.C. 581, 122

S.E. 386)." The defendant does not contend the 10th juror lacked the necessary qualifications. The objection is upon the ground that 10 men were selected instead of the nine provided for in the Local Law applicable to Lee County. The Act provides the judge presiding at any criminal or civil term of Superior Court, may, at any time, discharge the grand jury from further service, in which event he may cause a new grand jury to be drawn for the unexpired term. The authority to discharge the whole grand jury would seem to include the right (if that right did not already exist) to discharge any one or more of its members. "The power of the court to discharge or excuse grand jurors on the original panel and fill vacancies created thereby are inherent and existed at common law in the absence of express statutory authority. . . . Generally, discharging or excusing some of the grand jurors on the original panel and supplying their places will not invalidate their action so long as the newly constituted panel is within the statutory limit." 24 Am. Jur. 848. See 27 L.R.A. 780; 49 L.R.A. (n.s.) 1215."

"When power is given a court to excuse one called to serve as a grand juror, authority to fill the vacancy thus occasioned with another possessing the requisite qualifications is also conferred by necessary implication." 22 C.J.S. 1013. See also, *S. v. Perry,* 122 N.C. 1018, 29 S.E. 374; *S. v. Barber,* 113 N.C. 711, 18 S.E. 515.

Statutory provisions which relate to the number and qualification of grand jurors or which are designed to secure impartiality and freedom from unfair influences are ordinarily deemed to be mandatory; those which prescribe mere details as to the manner of selecting or drawing them are usually regarded as directory only. *Hyde v. U. S.,* 225 U.S. 347, 56 L. Ed. 1114.

We conclude, therefore, that the presiding judge, in his discretion, had the power (1) to discharge Kelly from the grand jury for cause, and (2) to fill the vacancy thus created by the drawing of another duly qualified grand juror. Of the grand jurors drawn, one was to take the place of Kelly and the other nine to take the places of those whose terms expired by reason of having already served one year. The burden was on the defendant to show the disqualification. *S. v. Perry, supra.*

The defendant contends the court abused its discretion in refusing to continue the case on account of the absence of witnesses. However, the defendant made no showing as to his efforts to have these witnesses in court and no showing as to what testimony material to the defense they could give if present. While the indictment was returned at the term at which the trial was held, the offense was alleged to have been committed one month and two days prior to the beginning of the term. The motion for continuance was made upon the ground of absence of

witnesses and not for lack of time in which to prepare the defense. The record does not show abuse of discretion in denying the motion for continuance. *S. v. Birchfield,* 235 N.C. 410, 70 S.E. 2d 5; *S. v. Creech,* 229 N.C. 662, 51 S.E. 2d 348; *S. v. Strickland,* 229 N.C. 201, 49 S.E. 2d 469; *S. v. Godwin,* 216 N.C. 49, 3 S.E. 2d 347; *S. v. Whitfield,* 206 N.C. 696, 175 S.E. 93.

While defendant's counsel, out of abundance of precaution, took numerous exceptions to the admission and exclusion of evidence, careful examination of the record fails to show prejudicial error. The questions asked by the court appear to be of a clarifying nature. *Andrews v. Andrews,* 243 N.C. 779. The evidence was ample to take the case to the jury and to sustain the verdict. To prevail on appeal it must be made to appear that appellant's rights have been prejudiced. *S. v. Creech, supra; S. v. Beal,* 199 N.C. 278, 154 S.E. 604.

The charge of the court covered 36 pages of the record. All except 15 lines have been made the subject of the 72 exceptions taken to it. Some of the exceptions relate to two or more pages of the charge. They do not point up with the definiteness required by Rule 19(3), Rules of Practice in the Supreme Court, Vol. 221, at p. 555. *S. v. Norris,* 242 N.C. 47, 86 S.E. 2d 916; *Rawls v. Lupton,* 193 N.C. 428, 137 S.E. 175; *Boyer v. Jarrell,* 180 N.C. 479, 105 S.E. 9; *Harrison v. Dill,* 169 N.C. 542, 86 S.E. 518.

In charging the jury, the court stated the principles of law as they relate to the evidence in the case in substantial accord with the decisions of this Court. The recapitulation of the evidence and the statement of contentions of the parties are unobjectionable. The exception to the court's failure to charge on circumstantial evidence cannot be sustained. The evidence in the case was largely direct. It consisted of the statements of the two men who actually committed the robbery. The circumstantial evidence offered was incidental to and in corroboration of the direct evidence. In the absence of special request, failure to charge with respect to circumstantial evidence was not error. *S. v. Bennett,* 237 N.C. 749, 76 S.E. 2d 42.

The defendant, both in his brief and on the oral argument, urges as error the failure of the trial judge to charge the jury to scrutinize and receive with caution the evidence of admitted accomplices. Request for such instruction was not made at the trial. In the case of *S. v. Wallace,* 203 N.C. 284, 165 S.E. 716, *Justice Adams,* in discussing the trial court's failure to instruct the jury to scrutinize the testimony of an accomplice, stated: "The principle is sustained in a number of our decisions and explicitly approved in the following words: 'Instruction to scrutinize the testimony of a witness on the ground of interest or bias is a subordinate and not a substantive feature of the trial, and the

judge's failure to caution the jury with respect to prejudice, partiality or inclination of a witness will not generally be held for reversible error unless there be a request for such instruction.' *S. v. O'Neal*, 187 N.C. 22; *S. v. Sauls*, 190 N.C. 810." *S. v. Reddick*, 222 N.C. 520, 23 S.E. 2d 909; *S. v. Kelly*, 216 N.C. 627, 6 S.E. 2d 533; *S. v. Cagle*, 209 N.C. 114, 182 S.E. 697; *S. v. Bohanon*, 142 N.C. 695, 55 S.E. 797.

In the case of *S. v. Hooker*, 243 N.C. 429, 90 S.E. 2d 690, this Court granted a new trial for failure of the judge to charge the jury to scrutinize the evidence of accomplices. However, the defendant, in apt time and in writing, requested the instruction and excepted to the refusal of the court to give it. The request for the instruction in the *Hooker case* distinguishes it from this case and the others here cited.

No error.

JOHNSON, J., not sitting.