STATE *v.* DAVIS.

*Robert S. Cahoon for plaintiff, appellant.*
*Patton & Ervin for defendant, appellee.*

STATE v. JOHN M. DAVIS, JR.

(Filed 21 October, 1959.)

**1. Criminal Law § 94—**

Questions asked a witness by the court *held* merely of a clarifying nature and not to constitute an expression of opinion by the court on the weight or credibility of the testimony. G.S. 1-180.

HIGGINS, J., not sitting.

APPEAL by defendant from *Morris, J.,* June Term, 1959, of WAYNE.

Defendant was tried and convicted in the Recorder's Court of Wayne County upon a warrant charging that he operated a motor vehicle upon the public highways within that county on 18 May, 1958, while under the influence of intoxicating liquor. He appealed to Superior Court and upon a plea of not guilty therein was tried upon said warrant *de novo.* A jury was duly selected and empanelled. Evidence was offered both by the State and defendant. The jury returned a verdict of guilty.

From judgment imposing a prison sentence defendant appealed and assigned error.

*Attorney General Seawell and Assistant Attorney General Love for the State.*
*Edmundson and Edmundson for defendant, appellant.*

PER CURIAM. The sole assignment of error relates to the interrogation of a defense witness by the court. Defendant contends that it amounted to an "expression of . . . opinion on the weight and credibility

of the testimony" of the witness. G.S. 1-180. A careful consideration of the challenged questions and the responses thereto leads to the definite conclusion that questions asked by the court were merely of a clarifying nature. *State v. Stevens*, 244 N.C. 40, 44, 92 S.E. 2d 409. To be entitled to a new trial defendant must show prejudice. *State v. Creech*, 229 N.C. 662, 672, 51 S.E. 2d 348. No prejudicial error has been shown.

No error.

HIGGINS, J., not sitting.