State v. Wood

STATE OF NORTH CAROLINA v. JAMES EDWARD WOOD

No. 7027SC542

(Filed 16 December 1970)

1. **Constitutional Law § 31— denial of defendant's request to subpoena witnesses — opportunity to prepare for trial**

    Defendant's request, made for the first time during the trial, that he be allowed to subpoena as witnesses certain police officers who lived in another county, *held* properly denied by the trial court, where it appeared that the defendant, who was arrested in June 1969 and tried in May 1970, had had ample opportunity to procure the witnesses prior to trial.

2. **Criminal Law § 117— instructions on the scrutiny of testimony**

    Trial court's failure to instruct the jury to scrutinize the testimony of defendant's brother, a co-defendant, who testified for the State is not reversible error when defendant made no request for such instruction.

APPEAL by defendant from *Falls, J.,* 4 May 1970 Session, Superior Court of CLEVELAND County.

Defendant was charged with felonious breaking and entering and felonious larceny. True bills were returned by the grand jury at the August 1969 Session; defendant, in writing, waived his right to assigned counsel on 10 December 1969; and was tried at the 4 May 1970 Session. By his own choice, he acted as his own counsel at trial. Counsel was appointed to perfect his appeal.

*Attorney General Morgan by Staff Attorney Blackburn for the State.*

*Ernest A. Gardner for defendant appellant.*

MORRIS, Judge.

Defendant makes two assignments of error in the record on appeal.

[1] Defendant first assigns as error the court's failure to allow defendant to have witnesses subpoenaed. The record reveals the following: "THE COURT: Make this entry. During the progress of this trial, after the jury was sworn and empaneled and evidence presented on the part of the State, the defendant in open court for the first time advised this court that he had some witnesses and he named them, who were members of

the Rural Police in Gaston County and one was the Chief of Police of Kings Mountain; that he desired their presence, and that this fact was not known by this Court or the Clerk of the Court or any other court officials until this time during the progress of this trial; that the defendant was advised by statement by one of the Kings Mountain officers to the effect that the Chief of Police of Kings Mountain was out of the city and out of the county and not available to testify; that the other witnesses are police officers in Gaston County and their whereabouts are not known; that no request for a subpoena was made by this defendant and that none was issued. . . ."

Unquestionably the right of confrontation includes the opportunity fairly to present one's own defense. *State v. Lane,* 258 N.C. 349, 128 S.E. 2d 389 (1962). However, as was said in *State v. Graves,* 251 N.C. 550, 112 S.E. 2d 85 (1959), "[w]e do not suggest that an accused may be less than diligent in his own behalf in preparing for trial. He may not place the burden on the officers of the law and the court to see that he procures the attendance of witnesses and makes preparation for his defense. But the officers and court have a duty to see that he has opportunity for so doing." In our opinion defendant has had ample opportunity. He was arrested in June; true bills were returned in August; in December he filed a written waiver of counsel; and he was tried the following May. It is also obvious that this defendant was certainly not unfamiliar with procedure. This purported assignment of error is without merit.

[2] Neither is there merit in defendant's other assignment of error, which is directed to the court's failure to instruct the jury to scrutinize the evidence of Donald Wood, a co-defendant and this defendant's brother, who testified for the State. "Instruction to scrutinize the testimony of a witness on the ground of interest or bias is a subordinate and not a substantive feature of the trial, and the judge's failure to caution the jury with respect to the prejudice, partiality, or inclination of a witness will not generally be held for reversible error unless there be a request for such instruction." *State v. Reddick,* 222 N.C. 520, 23 S.E. 2d 909 (1942); *State v. Roux,* 266 N.C. 555, 146 S.E. 2d 654 (1966). The record reveals no request.

No error.

Judges BROCK and GRAHAM concur.