STATE OF NORTH CAROLINA v. GEORGE RANKIN

No. 75

(Filed 26 January 1973)

1. **Constitutional Law § 36; Criminal Law § 135— first degree murder — sentence of life imprisonment — standing to challenge death sentence**

    Where the jury recommended and the judge pronounced a sentence of life imprisonment in a first degree murder case, defendant had no standing to challenge the constitutionality of the statute under which he was tried providing for punishment of death in the jury's discretion.

2. **Criminal Law § 116— instruction on defendant's failure to testify — necessity for special request**

    Absent a special request the judge is not required to instruct the jury that a defendant's failure to testify creates no presumption against him.

DEFENDANT appeals from judgment of *McLean, J.*, 5 June 1972 Schedule "C" Session, MECKLENBURG Superior Court.

Defendant was tried upon a bill of indictment, proper in form, charging him with the first degree murder of John Thomas Parrott on 28 January 1972 in the City of Charlotte.

The State's evidence tends to show that one Izonia Hawkins was the janitor at Warner Studio located at 116 South Church Street in Charlotte. It had been the custom for several months for defendant George Rankin, the deceased John Thomas Parrott, Leroy Williams, and others to meet at Warner Studio in the early evening to socialize and "take a little drink." In accordance with this custom, these men met at Warner Studio about 7 p.m. on the date named in the indictment and were admitted by Hawkins, the janitor. They were sitting around "telling little jokes" and "having a little drink." All of them, save possibly the janitor, became intoxicated. An argument arose between defendant and Parrott, the nature of which is not disclosed by the record, and Hawkins told them to leave.

Defendant thereupon pushed Parrott out the door and shot him three times in the back as Parrott ran down the street. Parrott fell thirty-five feet from the Warner Studio and died from the gunshot wounds, one of which pierced his heart.

Defendant offered no evidence. The jury was instructed by the trial judge that it could return a verdict of guilty of murder in the first degree as charged, or guilty of murder in the first degree with recommendation that the punishment be life imprisonment, or guilty of murder in the second degree, or guilty of manslaughter, or not guilty, and instructed the jury upon the law applicable to each permissible verdict. The jury convicted defendant of murder in the first degree and recommended life imprisonment. Judgment was pronounced accordingly and defendant appealed, assigning errors discussed in the opinion.

*T. O. Stennett, Attorney for defendant appellant.*

*Robert Morgan, Attorney General, and Walter E. Ricks, III, Associate Attorney, for the State of North Carolina.*

HUSKINS, Justice.

[1]  Defendant was indicted and tried under G.S. 14-17 which reads in pertinent part as follows:

> "A murder which shall be perpetrated by means of poison, lying in wait, imprisonment, starving, torture, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary or other felony, shall be deemed to be murder in the first degree and shall be punished with death: Provided, if at the time of rendering its verdict in open court, the jury shall so recommend, the punishment shall be imprisonment for life in the State's prison, and the court shall so instruct the jury."

The trial judge instructed the jury in accordance with this statute; and the jury, in the exercise of its discretion, recommended life imprisonment. Defendant contends on this appeal that G.S. 14-17 is now unconstitutional and void by reason of the decision of the Supreme Court of the United States in *Furman v. Georgia,* 408 U.S. 238, 33 L.Ed. 2d 346, 92 S.Ct 2726 (1972). Therefore, defendant argues, the verdict and

judgment in this case are grounded on a void statute and must be set aside.

We first note that this question was not, and could not have been, raised in the court below because the judgment here was pronounced on 9 June 1972 before the decision in *Furman* was handed down on 29 June 1972. Thus, the constitutional question posed by defendant may be raised initially in this Court.

Examination and analysis of the nine separate opinions in *Furman* compel the conclusion that capital punishment has not been declared unconstitutional *per se*. Rather, *Furman* holds that the Eighth and Fourteenth Amendments will no longer tolerate the infliction of a death sentence where either the jury or the judge is permitted to impose that sentence as a matter of discretion. The *proviso* in G.S. 14-17 gives North Carolina juries the forbidden discretion, and the trial judge permitted the jury in this case to exercise it. Had this jury decided, in its discretion, to require imposition of the death sentence by failing to recommend life imprisonment, and had the judge pronounced a sentence of death, then such sentence could not constitutionally be carried out under the holding in *Furman*. Instead, this Court would order the death sentence stricken and remand the case for imposition of a life sentence. *See State v. Miller,* 281 N.C. 740, 190 S.E. 2d 841 (1972) ; *State v. Hamby* and *Chandler,* 281 N.C. 743, 191 S.E. 2d 66 (1972) ; *State v. Chance,* 281 N.C. 746, 191 S.E. 2d 65 (1972) ; *State v. Westbrook,* 281 N.C. 748, 191 S.E. 2d 68 (1972) ; *State v. Doss,* 281 N.C. 751, 191 S.E. 2d 70 (1972). But the facts in this case do not fit that mold.

Here, the jury recommended and the judge pronounced a sentence of life imprisonment. Manifestly, the *Furman* decision has no application to, and nothing in it affects the legality or the constitutionality of, a life sentence. "Furthermore, the *Furman* case is without significance when the jury returns a verdict recommending life imprisonment. In that situation the defendant has no standing to raise the constitutionality of the death penalty or of a statute because it provides for that punishment." *State v. Wright,* 282 N.C. 364, 192 S.E. 2d 818 (1972). *Accord State v. Duncan,* 282 N.C. 412, 193 S.E. 2d 65 (1972) ; *State v. Bryant,* 282 N.C. 92, 191 S.E. 2d 745 (1972). Accordingly, for the reasons stated, we leave the life sentence undisturbed and overrule defendant's first assignment of error.

State v. Rankin

[2]  Defendant assigns as error the failure of the trial judge to instruct the jury that defendant's failure to testify in his own behalf was merely the exercise of a privilege afforded him by G.S. 8-54 and should not be held against him by the jury. Defendant made no request for such instruction but contends it was the duty of the judge under G.S. 1-180 to give it.

G.S. 8-54 in relevant part reads as follows:

> "In the trial of all indictments, complaints, or other proceedings against persons charged with the commission of crimes, offenses or misdemeanors, the person so charged is, at his own request, but not otherwise, a competent witness, and his failure to make such request shall not create any presumption against him."

Absent a special request the judge is not required to instruct the jury that a defendant's failure to testify creates no presumption against him. *State v. Rainey,* 236 N.C. 738, 74 S.E. 2d 39 (1953); *State v. Kelly,* 216 N.C. 627, 6 S.E. 2d 533 (1940); *State v. Jordan,* 216 N.C. 356, 5 S.E. 2d 156 (1939); 3 Strong, N. C. Index 2d, Criminal Law, § 116. "Ordinarily, it would seem better to give no instruction concerning a defendant's failure to testify unless such an instruction is requested by defendant." *State v. Barbour,* 278 N.C. 449, 180 S.E. 2d 115 (1971). Unless the defendant so requests, such an instruction is held in some jurisdictions to accentuate the significance of his silence and thus impinge upon defendant's unfettered right to testify or not to testify at his option. *See* Annotation: Propriety under *Griffin v. California* and prejudicial effect of unrequested instruction that no inferences against accused should be drawn from his failure to testify, 18 A.L.R. 3d 1335, and cases cited.

Since defendant did not request the instruction he now insists the court should have given, the trial court properly omitted any mention of it. This assignment has no merit and is overruled.

Defendant having failed to show prejudicial error, the verdict and judgment will be upheld.

No error.