State v. Letterlough

Judges MORRIS and VAUGHN concur.

———————

STATE OF NORTH CAROLINA v. HARVEY LETTERLOUGH

No. 742SC508

(Filed 7 August 1974)

1. **Assault and Battery § 14— identification of defendant — sufficiency of evidence**

    In this prosecution for felonious assault, the State's evidence of identification of defendant as the perpetrator of the crime was sufficient for the jury where the victim testfied he was shot by defendant and an officer testified that defendant admitted shooting the victim.

2. **Criminal Law § 116— failure of defendant to testify — instruction — absence of request**

    In the absence of a special request the court is not required to give an instruction concerning defendant's failure to testify.

APPEAL by defendant from *Fountain, Judge,* 4 December 1973 Session of Superior Court held in MARTIN County.

Heard in Court of Appeals 19 June 1974.

In a bill of indictment defendant was charged with a felonious assault upon Sam D. Nelson on 13 August 1972 with a deadly weapon with intent to kill inflicting serious injuries. He entered a plea of not guilty and was tried before a jury.

From a verdict of guilty and judgment imposing a sentence of ten years imprisonment, defendant has appealed to this court.

*Attorney General Robert Morgan, by Assistant Attorney General James L. Blackburn, for the State.*

*Milton E. Moore for defendant appellant.*

BALEY, Judge.

[1]   Defendant assigns as error the failure of the court to grant his motion for dismissal upon the ground that there was not sufficient evidence of identification of the defendant as the perpetrator of the crime to warrant submission to the jury.

The State's evidence indicated that the defendant and Samuel D. Nelson had an argument during a card game at the home of John Powell, and Nelson cut the defendant with an old hawk bill knife. Both were ordered to leave, and Nelson testified: "I was walking. Going down the road I seen Harvey Letterlough pull out behind me. Someone in the car with him or him one called me 'Sam'. As soon as they said 'Sam', I looked around. About that time he hauled off and shot me."

Officer Jerry V. Beach testified that the defendant told him that "he called to Sam Nelson . . . and when he stopped Sam Nelson turned around and said to him, 'If you come any closer, if you come up here, I am going to cut you again,' and he said that he turned the gun on Sam Nelson shooting him directly in the face. . . . He said . . . he meant to kill Sam Nelson. . . . This is when he said if he had another shell he would have shot him again."

The court after a voir dire hearing determined that the statement made to Officer Beach by the defendant was "made knowingly, freely, and voluntarily," and after an understanding waiver of his constitutional rights.

It seems clear that the State's evidence taken in its most favorable light was sufficient for submission to the jury and to sustain a conviction.

[2]   Defendant contends that the court committed error in its charge to the jury by omitting to instruct the jury that the failure of the defendant to testify in his own behalf should not be taken to his prejudice. There was no request by defendant for such instruction.

---

In the absence of a special request the court is not required to give an instruction concerning defendant's failure to testify. *State v. Rankin,* 282 N.C. 572, 193 S.E. 2d 740; *State v. Barbour,* 278 N.C. 449, 180 S.E. 2d 115, *cert. denied,* 404 U.S. 1023, 30 L.Ed. 2d 673, 92 S.Ct. 699; *State v. Jordan,* 216 N.C. 356, 5 S.E. 2d 156.

In the trial in the Superior Court defendant has shown no prejudicial error.

No error.

Judges BRITT and MORRIS concur.