STATE OF NORTH CAROLINA v. JOHN FRANCIS LEFFINGWELL

No. 7712SC322

(Filed 5 October 1977)

**Criminal Law § 116— defendant's failure to testify—jury instructions**
Where defendant offered evidence by several witnesses but did not testify himself, he was entitled, upon proper request, to have the court tell the jury in substance that his failure to take the witness stand and testify in his own behalf did not create any presumption against him.

APPEAL by defendant from *Hall, Judge.* Judgment entered 2 December 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 20 September 1977.

Defendant was indicted for (1) possession of a controlled substance with intent to sell and deliver a controlled substance, lysergic acid diethylamide (Schedule I); (2) sale and delivery of a controlled substance, lysergic acid diethylamide (Schedule I) to Special

Agent N. C. Mills of the State Bureau of Investigation for the price of $1,800.00. He pled not guilty.

The jury found defendant guilty of both offenses. The charges were consolidated for judgment, and defendant was sentenced for the term of not less than two years nor more than four years in the State's prison. Defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General James L. Blackburn, for the State.*

*Seavy A. Carroll, for the defendant.*

MARTIN, Judge.

The defendant assigns as error the refusal of the court, upon request, to charge the jury as follows: "The burden to overcome the presumption of innocence rests upon the government. The failure of any defendant to testify does not create any presumption of guilt against him. The defendant is never required to prove his innocence." The defendant offered evidence by several witnesses but he did not testify. Thus, this assignment of error raises the question of whether a non-testifying defendant has the indefeasible right, upon proper request, to have the court tell the jury in substance that his failure to take the witness stand and testify in his own behalf does not create any presumption against him. The briefs of the parties and our own research indicate that this question has not been presented to the appellate courts of this State. We note that the substantive right upon which defendant sought instruction relates to a subordinate feature of the case; failure to instruct on subordinate matters ordinarily will not be held for error unless a request for instructions has been made. *State v. Rankin*, 282 N.C. 572, 193 S.E. 2d 740 (1973); *State v. Barbour*, 278 N.C. 449, 180 S.E. 2d 115 (1971). In the case at bar, the defendant has requested the specific instruction and has done so in apt time. Upon the court's failure to charge on this circumstance, defendant preserved and now presents this question of first impression to the Court for determination.

In *Bruno v. United States*, 308 U.S. 287, 84 L.Ed. 257, 60 S.Ct. 198 (1939), the United States Supreme Court was faced with the same question. Some of Bruno's co-defendants took the witness stand. He did not. The trial court gave the following instruction:

" 'It is the privilege of a defendant to testify as a witness if, and only when, he so elects; and when he does testify his credibility is to be determined in the light of his interest, which usually is

greater than that of any other witness, and is therefore a matter which may seriously affect the credence that shall be given to his testimony.' " 308 U.S. at 291.

Similar to defendant in the case at bar, defendant Bruno requested this additional instruction:

" 'The failure of any defendant to take the witness stand and testify in his own behalf does not create any presumption against him; the jury is charged that it must not permit that fact to weigh in the slightest degree against any such defendant, nor should this fact enter into the discussions or deliberations of the jury in any manner.' " 308 U.S. at 292.

The trial judge declined this request, saying "I feel that I've already covered that."

In finding error in the trial judge's refusal to give the requested instruction, the Supreme Court stated that the Act of March 16, 1878, 20 Stat. at L. 30, Chap. 37, now 18 U.S.C.A. § 3481 (1948),

". . . freed the accused in a federal prosecution from his common law disability as a witness. But Congress coupled his privilege to be a witness with the right to have a failure to exercise the privilege not tell against him. . . . The only way Congress could provide that abstention from testifying should not tell against an accused was by an implied direction to judges to exercise their traditional duty in guiding the jury by indicating the considerations relevant to the latter's verdict on the facts. [Citation omitted.] By legislating against the creation of any 'presumption' from a failure to testify, Congress could not have meant to legislate against the psychological operation of the jury's mind. It laid down canons of judicial administration for the trial judge to the extent that his instructions to the jury, certainly when appropriately invoked, might affect the behavior of jurors. Concededly the charge requested by Bruno was correct. The Act of March 16, 1878, gave him the right to invoke it." 308 U.S. at 292-93.

We find the Supreme Court's interpretation of 18 U.S.C.A. § 3481 (1948) to be persuasive authority on the issue before this Court as the operative portion of the federal statute is almost identical to N.C. G.S. 8-54.

This Court is also guided by the authority of cases dealing with the right of the accused, upon proper request, to an instruction

which calls upon the jury to scrutinize the testimony of a witness on the ground of interest or bias. This instruction is likewise related to a subordinate feature of the trial. *State v. Vance*, 277 N.C. 345, 177 S.E. 2d 389 (1970); *State v. Reddick*, 222 N.C. 520, 23 S.E. 2d 909 (1943); *State v. Sauls*, 190 N.C. 810, 130 S.E. 848 (1925).

In *State v. White*, 288 N.C. 44, 215 S.E. 2d 557 (1975), the defendant, in writing, requested an instruction bearing upon the testimony of an interested witness which the court refused to give because the instruction was in part erroneous. The Court stated:

> "The trial judge was not, however, relieved of his duty to give a correct accomplice testimony instruction, there being evidence to support it, merely because defendant's request was not altogether correct."

Similarly, in *State v. Bailey*, 254 N.C. 380, 119 S.E. 2d 165 (1961), the Court stated:

> ". . . It is a well established rule with us that if a request is made for a specific instruction as to the rule of scrutiny in the event of an accomplice testifying for the prosecution, which is correct in itself and supported by evidence, the trial judge, while not required to parrot the instructions 'or to become a mere judicial phonograph for recording the exact and identical words of counsel,' must charge the jury in substantial conformity to the prayer. [Citations omitted.]"

Regarding the trial judge's duty in general upon a request for special instructions, our Supreme Court, in *State v. Spicer*, 285 N.C. 274, 204 S.E. 2d 641 (1974), said:

> " 'While the court is not required to give the instruction in the exact language of the request, if request be made for a specific instruction, which is correct in itself and supported by evidence, the court must give the instruction at least in substance.' [Citations omitted.]

> *      *      *

> "Failure to give the requested instructions when justified is reversible error. [Citations omitted.]"

In the case *sub judice*, the subject charge was intermingled with requests for instructions governing nearly three pages of the record. In all probability the requests were handed to the judge just before he commenced his charge. The omission of the requested instructions can be easily understood. Nevertheless, the defendant was entitled to the special instructions and its omission from the

charge constitutes prejudicial error for which the defendant is entitled to a new trial.

New trial.

Judges PARKER and ARNOLD concur.