MARTHA MATHISEN et al., Appellants, v. ANTHONY F. ZAIKOWSKI et al., Respondents.— Plaintiffs appeal from an order marking the action off the General Calendar of the Trial Term of the Supreme Court in Kings County, and placing it on a Deferred Calendar, made in pursuance of subdivision (bb) of rule II of the Rules of said Trial Term (Bender's Court Rules [1952 Cum. Supp.], p. 145). Order reversed, without costs, and the action is ordered restored to its regular position on the General Calendar. The affidavits of the physicians who treated the plaintiff wife for her injuries and plaintiffs' bill of particulars do not indicate that this is a proper case for application of the stated rule. Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NICHOLAS CASSESE, Appellant.— Defendant appeals from a judgment of the County Court, Kings County, convicting him of the crime of burglary, second degree, and sentencing him to a term of five to fifteen years. Judgment reversed on the law and the facts and new trial ordered. The evidence fails to establish any criminal intent on the part of defendant to commit the crime charged. The court also committed error in its instructions to the jury in response to defendant's request to charge " that without additional proof to the alleged confession the crime charged is not deemed to have been committed, and the jury should acquit the defendant." The court granted the request and then added : " As to what was in the defendant's mind, as to what his intent was, that may be gleaned from his own statement. Do you understand what I mean? That may be determined not only from his conduct but from the statement that he made." This was error in that the jury was instructed that the additional proof might be found in defendant's own confession or that the confession corroborates itself. The " additional proof " required under section 395 of the Code of Criminal Procedure "must be some other evidence of the existence of the criminal fact to which the confession relates." (*People* v. *Cuozzo*, 292 N. Y. 85, 93.) Nolan, P. J., MacCrate, Schmidt and Beldock, JJ., concur; Carswell, J., not voting.