### STATE v. ANDY COPE.

(Filed 5 May, 1954.)

**1. Criminal Law §§ 33, 52a (2)—**

An extrajudicial confession must be corroborated by other evidence which at least establishes the *corpus delicti* in order to be sufficient to sustain conviction of a felony. This is particularly true in prosecutions for sexual offenses.

**2. Criminal Law § 42e: Evidence § 19—**

Testimony of a witness at the preliminary hearing, brought out on cross-examination after the witness has given contradictory testimony at the trial, *is held*, competent solely for the purpose of impeaching the testimony of the witness at the trial and may not be considered as substantive evidence of the facts at issue.

APPEAL by defendant from *Patton, Special Judge,* November Term, 1953, of GASTON.

The defendant had returned against him three separate bills of indictment which were consolidated for trial. Under one indictment he was charged with feloniously, incestuously, unlawfully, and willfully having sexual intercourse with Beulah Cox, his granddaughter. Under another he was charged with unlawfully, willfully, maliciously, and feloniously committing a crime against nature with Rosie Dean. Under the third one he was charged with unlawfully, willfully, and feloniously raping, ravishing, and carnally knowing Rosie Dean, a female.

The State offered evidence tending to show that the defendant confessed to the arresting officers that he had committed unnatural sex acts with his granddaughters, Rosie and Polly Dean, and also confessed that he had been having sexual relations with his granddaughter Beulah Cox over a period of several years; that he likewise made similar confessions to the jailer while confined in the county jail.

At the close of the State's evidence the defendant moved for judgment as of nonsuit as to each charge. The court sustained the motion as to the charge of rape, but overruled it as to the other charges.

The defendant testified in his own behalf and denied that he had ever had sexual relations with Beulah Cox, or that he had ever made any statement to any of the State's witnesses that he had had any such relations with her. He likewise denied that he had ever had any unnatural relations with Rosie or Polly Dean, or that he had ever told anyone that he had had such relations with them or either of them. He offered numerous witnesses who testified that he was a man of good character and reputation.

Beulah Cox, age nineteen, testified that she was married and had two children; that shortly before she swore out the warrant against the defendant, her grandfather, her husband, Howard Cox, had been arrested upon a charge of raping her seven-year-old sister; that the tale she told on her grandfather was made up in an effort to save her husband; that while she swore out a warrant against her grandfather and testified against him at the preliminary hearing, her grandfather had never had anything to do with her that was improper. She likewise testified that what she told the officers about the defendant's relations with her and with her seven-year-old sister was a falsehood; that she had been told that if she would implicate someone else it would help her husband.

Polly Dean, age twelve, testified that her grandfather had never mistreated her and that there was no truth in the story that she had told about him. That she told the story because her sister Beulah asked her to and said it would help out Howard. Rosie Dean, age seven, never testified.

From a verdict of guilty of crime against nature and of incest, as charged in the respective bills of indictment, and the judgments imposed, the defendant appeals, assigning error.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Gerald F. White, Member of Staff, for the State.*
*Mullen, Holland & Cooke for defendant, appellant.*

DENNY, J. The defendant assigns as error the refusal of the court below to sustain his motion for judgment as of nonsuit, interposed at the close of the State's evidence, as to both charges, and renewed at the close of all the evidence. This assignment raises two questions. (1) Is a naked extrajudicial confession, uncorroborated by any other evidence, sufficient to sustain a conviction of a felony? (2) When in the course of a trial a witness testifies to facts which are inconsistent with her testimony in the preliminary hearing in the case, is her testimony given at the preliminary hearing, which is brought out on cross-examination, limited to that of impeachment of the witness, or may it be admitted and considered as substantive evidence of the facts at issue?

The first question posed has been considered by this Court in the cases of *S. v. Long,* 2 N.C. 455, and *S. v. Cowan,* 29 N.C. 239, both of which were capital cases. In the *Long case* the Court said: "Where A makes a confession, and relates circumstances which are proven to have actually existed as related in the confession, that may be evidence sufficient for a jury to proceed upon to convict the prisoner; but a naked confession, unattended with circumstances, is not sufficient. A confession, from the very nature of the thing, is a very doubtful species of evidence, and to be received with great caution. It is hardly to be supposed that a man

perfectly possessed of himself would make a confession to take away his own life."

In the case of *S. v. Cowan, supra,* the defendant was indicted for highway robbery, which at that time was a capital offense. It was proven that a Captain Rodney had been assaulted and badly wounded on the night in question and that his watch had been taken. Thereafter, the prisoner was found to be in possession of the watch which was identified as the one taken from the Captain. At the preliminary hearing, after due and proper caution had been given to the prisoner as to his rights with respect to any confession or admission he might make, he made a full and complete confession, giving the details as to how and where he committed the robbery. The Court held the confession to be free and voluntary, and overruled the exceptions to testimony of the witnesses in respect to the statements made by the prisoner at the preliminary hearing.

The court charged the jury that the prisoner's confession alone, if believed by them to be true, would justify them in returning a verdict of guilty. The defendant, among other things, excepted to this instruction. *Ruffin, C. J.,* in speaking for the Court, said: "We likewise hold that his Honor directed the jury correctly as to the effect they might allow to the prisoner's confessions. There was, indeed, evidence in corroboration of the confession, namely, the injuries inflicted on Rodney, which added greatly to the credit to which the confessions, in themselves, might be entitled. But we believe that it is now held by courts of great authority that an explicit and full confession of a felony, duly made by a prisoner, upon examination on a charge before a magistrate, is sufficient to ground a conviction, though there be no other proof of the offense having been committed. . . . Of the same grade of evidence, precisely, is a confession out of court, provided only it be fully proved and appear to have flowed from the prisoner's own unbiased will. Such a confession which goes to the whole case is plenary evidence to the jury."

It is clear that what the Court said in the *Cowan case,* relative to an extrajudicial confession, was not essential to a decision and was, therefore, mere *dicta.* Moreover, the fact that Captain Rodney had been assaulted and his watch taken from him, as well as the further fact that the prisoner had Captain Rodney's watch in his possession, was sufficient to have justified the court in submitting the case to the jury if the prisoner had made no confession. In other words, the *corpus delicti* was proven by evidence exclusive of the confession and such evidence pointed strongly to the defendant as the person who committed the crime. Hence, as the Court said, this evidence corroborated the confession and added greatly to the credit to which the confession might be entitled. Surely, no one would question the sufficiency of such evidence to sustain a conviction.

The State contends, however, as stated in 23 N. C. Law Review, page 364, *et seq.,* that in the *Cowan case* this Court shifted to the view that a prisoner could be convicted of a capital crime upon his own unbiased and voluntary confession without any other evidence; thereby, in reasoning, overruling the earlier *Long case.*

The State also, in support of the foregoing view, quotes in its brief from section 182 of Stansbury's North Carolina Evidence, the following: ". . . even in capital cases conviction may be had upon the prisoner's voluntary confession unattended by any other evidence." It is apparent this statement was based on the *dicta* in the *Cowan case* if intended to apply to an extrajudicial confession, and the reference to a confession in *S. v. Graham,* 68 N.C. 247, since these cases are cited as authority for the view expressed.

In our opinion, none of the above cases authoritatively holds that a naked extrajudicial confession, uncorroborated by any other evidence, is sufficient to sustain the conviction of a defendant charged with the commission of a felony. The *Long case* definitely and expressly holds to the contrary. Therefore, it is our considered judgment that in such cases there must be evidence *aliunde* the confession of sufficient probative value to establish the fact that a crime of the character charged has been committed. Wigmore on Evidence, Third Edition, Vol. VII, section 2071. This does not mean, however, that the evidence tending to establish the *corpus delicti* must also identify the defendant as the one who committed the crime. *Ivy v. State,* 109 Ark. 446, 160 S.W. 208; *People v. Jones,* 123 Cal. 65, 55 P. 698; *Wigginton v. Commonwealth,* 92 Ky. 282, 17 S.W. 634; *Weller v. State,* 150 Md. 278, 132 A. 624; *People v. Roach,* 215 N.Y. 592, 109 N.E. 618, Ann. Cas. 1917A, 410.

We concede that there are instances in which it is extremely difficult to prove the *corpus delicti.* Even so, it cannot be left unproven if a conviction is to be sustained. *S. v. Norggins,* 215 N.C. 220, 1 S.E. 2d 533; 23 C.J.S., Criminal Law, section 916, page 181, *et seq.;* 26 Am. Jur., Homicide, section 383, page 425. In such cases, for example, when a person is missing and the body cannot be found and there is no direct and positive evidence that a crime has been committed, the State may resort to circumstantial or presumptive evidence for the purpose of establishing it. *S. v. Williams,* 52 N.C. 446, 78 Am. Dec. 248.

In 20 Am. Jur., Evidence, section 1242, page 1092, *et seq.,* we find the following statements: "It is generally held that a mere naked confession, uncorroborated by any circumstances inspiring belief in the truth of the confession, is not sufficient to warrant the conviction of the accused for the crime with which he is charged; . . . In those instances where a corroboration of a confession is required, the corroborative evidence must consist of facts or circumstances appearing in evidence which are inde-

pendent of the confession and consistent therewith and which tend to confirm and strengthen the confession. On the question how much corroboration of an extrajudicial confession is necessary to warrant the conviction of the accused in jurisdictions which require some corroboration, the general rule is that independent proof of the *corpus delicti* must exist in order to convict . . . The rule that a confession does not warrant a conviction unless corroborated is generally held applicable to extrajudicial confessions only, and not to judicial confessions, in the absence of statutes to the contrary." See also Underhill's Criminal Evidence, Fourth Edition, section 281.

In view of the fact that the overwhelming authority in this country is to the effect that a naked extrajudicial confession of guilt by one accused of crime, unaccompanied by any other evidence, is not sufficient to warrant or sustain a conviction, the answer to the first question under consideration should be in the negative. *United States v. Angel* (C.C.A. 7th), 201 F. 2d 531; *Flower v. United States* (C.C.A. 5th), 116 F. 241; *Forte v. United States,* 68 App. D.C. 111, 94 F. 2d 236, 127 A.L.R. 1120; *People v. Rupp,* 41 Cal. 2d 371, 260 P. 2d 1; *Grimes v. State,* 204 Ga. 854, 51 S.E. 2d 797; *Parker v. State,* 228 Ind. 1, 89 N.E. 2d 442; *People v. Franklin,* 415 Ill. 514, 114 N.E. 2d 661; *Vanderheiden v. State,* 156 Neb. 735, 57 N.W. 2d 761; *State v. Gambetta,* 66 Nev. 317, 208 P. 2d 1059; *State v. Carleton* (Me.), 92 A. 2d 327; *Davis v. State* (Md.), 97 A. 2d 303; *State v. Humphrey,* 358 Mo. 904, 217 S.W. 2d 551; *State v. Boswell,* 73 R.I. 358, 56 A. 2d 196; *Witham v. State,* 191 Tenn. 115, 232 S.W. 2d 3; *Campbell v. Commonwealth,* 194 Va. 825, 75 S.E. 2d 468; *State v. Moore,* 35 Wash. 2d 106, 211 P. 2d 172; Wharton's Criminal Law, Twelfth Edition, Vol. I, section 361. See also 127 A.L.R., Corroboration of Confession, page 1131, *et seq.,* where decisions from thirty-nine states and the District of Columbia are cited in support of the above view. In 20 Am. Jur., Evidence, section 1244, page 1095, and the cases cited in 40 A.L.R., Anno.—Confession—Corroboration—Sexual Crimes, page 461, it is pointed out that the courts almost uniformly hold that a naked confession must be corroborated in prosecutions for sexual offenses.

A number of states have enacted statutes which require extrajudicial confessions to be corroborated in order to sustain a conviction. See *Meisenheimer v. State,* 73 Ark. 407, 84 S.W. 494; *State v. Westcott,* 130 Iowa 1, 104 N.W. 341; *Williams v. Commonwealth,* 306 Ky. 225, 206 S.W. 2d 922; *People v. Cassese,* 281 App. Div. 890, 119 N.Y.S. 2d 604; *State v. Jordan,* 146 Ore. 504, 26 P. 2d 558.

We now come to the second question. Ordinarily, testimony given by a witness in a preliminary hearing, or former trial, will not be admitted as substantive evidence in a trial unless it is impossible to produce the

witness. The witness himself, if available, must be produced and testify *de novo.* 20 Am. Jur., Evidence, section 686, page 578, *et seq.;* 31 C.J.S., Evidence, section 384, page 1187. Moreover, prior statements of a witness may not be admitted in corroboration of his testimony in the absence of an attack on his credibility. *S. v. DeGraffenreid,* 223 N.C. 461, 27 S.E. 2d 130. Prior inconsistent statements of a witness are always admissible for the purpose of impeachment, and to show that the witness is unworthy of belief. 20 Am. Jur., Evidence, section 458, page 404, *et seq.*

In Stansbury's North Carolina Evidence, section 46, it is said: "Inconsistent statements of a witness may not be used as substantive evidence of the facts stated, . . . They are simply for the consideration of the jury in determining the witness's credibility. Hence, they are not admissible until the witness has testified to some fact inconsistent with his earlier statement; . . . Thus, if the witness is an agent or accomplice, his statements may be admitted to impeach his testimony although not fulfilling the requirements for their reception as vicarious admissions," citing *S. v. Neville,* 51 N.C. 423; *Hubbard v. R. R.,* 203 N.C. 675, 166 S.E. 802; *Hopkins v. Colonial Stores,* 224 N.C. 137, 29 S.E. 2d 455.

Likewise, in 31 C.J.S., Evidence, section 402, page 1209, it is stated: "Prior contradictory statements of the witness, made in a prior proceeding, do not constitute affirmative evidence or evidence in chief of the facts stated."

In light of our own decisions and those from other jurisdictions, as well as the views expressed by the textbook writers on the subject under consideration, in our opinion, the defendant's motion for judgment as of nonsuit should have been sustained. Our conclusion, however, is not based on any doubt as to the veracity of the officers who testified for the State, but solely on the principle that an uncorroborated extrajudicial confession is insufficient in law to sustain the conviction.

The judgment of the court below is
Reversed.