STATE OF NORTH CAROLINA v. ALBERT BOBBY CHILDS

No. 6

(Filed 15 March 1972)

**Burglary and Unlawful Breakings § 8; Criminal Law § 135; Rape § 7— death sentence set aside by U. S. Supreme Court — sentencing to life imprisonment**

The Superior Court of Buncombe County properly sentenced defendant to life imprisonment for each of the crimes of rape and first degree burglary pursuant to a mandate and order of the United States Supreme Court setting aside sentences of death which had been imposed for those crimes.

Chief Justice BOBBITT concurring.

Justice HIGGINS votes to dismiss appeal.

Justice LAKE dissenting.

APPEAL by defendant from *Martin, J.,* at the 9 August 1971 Session of BUNCOMBE Superior Court.

At the November 1965 Criminal Session of Buncombe Superior Court, defendant was tried and convicted for the capital crimes of rape and first degree burglary and was sentenced to death by asphyxiation in each case. Defendant appealed to the Supreme Court of North Carolina, and this Court on 3 February 1967 found no error in the verdicts and judgments of the Superior Court. *State v. Childs,* 269 N.C. 307, 152 S.E. 2d 453 (1967). Defendant then filed a petition for a writ of habeas corpus in the United States District Court for the Western District of North Carolina. That court stayed proceedings pending the filing of a petition by defendant in the State courts for a post-conviction hearing.

State v. Childs

On 14 June 1967 defendant filed a petition in the Superior Court of Buncombe County for a post-conviction hearing seeking a review of the constitutionality of his convictions and sentences. This petition was heard before James H. Pou Bailey, Judge Presiding at the 8 July 1968 Special Session of Buncombe Superior Court, and on 10 July 1968 Judge Bailey entered an order denying the relief sought by defendant.

Pursuant to G.S. 15-222, defendant then filed a petition for a writ of *certiorari* in the North Carolina Court of Appeals. This petition was denied by the Court of Appeals on 1 October 1968.

On 27 December 1968 a petition for writ of *certiorari* to the Superior Court of Buncombe County, North Carolina, was filed in the United States Supreme Court. On 28 June 1971 *certiorari* was granted. *Childs v. North Carolina*, 403 U.S. 948, 29 L.Ed. 2d 859, 91 S.Ct. 2278 (1971). On 28 June 1971 the United States Supreme Court entered the following mandate:

"UNITED STATES SUPREME COURT MANDATE
UNITED STATES OF AMERICA, SS:

THE PRESIDENT OF THE UNITED STATES OF AMERICA

"To the Honorable the Judges of the Superior Court of the State of North Carolina, Buncombe County,

"GREETINGS:

"WHEREAS, lately in the Superior Court of the State of North Carolina, Buncombe County, there came before you a cause between Albert Bobby Childs, petitioner, and The State of North Carolina, respondent, No. 67-791 WC, wherein the judgment of the said Superior Court was duly entered on the tenth day of July A.D. 1968, as appears by an inspection of the petition for writ of certiorari and response thereto.

"AND WHEREAS, in the October Term, 1970, the said cause having been submitted to the SUPREME COURT OF THE UNITED STATES on the said petition for writ of certiorari and response thereto, and the court having granted the said petition:

"ON CONSIDERATION WHEREOF, it was ordered and adjudged on June 28, 1971, by this Court that the judgment

of the said Superior Court, insofar as it imposes the death sentence, be reversed, and that this cause be remanded to the Superior Court of the State of North Carolina, Buncombe County, for further proceedings. *Witherspoon v. Illinois,* 391 U.S. 510 (1968) ; *Boulden v. Holman,* 394 U.S. 478 (1969) ; *Maxwell v. Bishop,* 398 U.S. 262 (1970) and *United States v. Jackson,* 390 U.S. 570 (1968).

"Now, THEREFORE, THE CAUSE IS REMANDED to you in order that such proceedings may be had in the said cause, in conformity with the judgment of this Court above stated, as accord with right and justice, and the Constitution and laws of the United States, the said writ notwithstanding.

"Witness the Honorable WARREN E. BURGER, Chief Justice of the United States, the twenty-third —— —— day of July —— —— in the year of our Lord one thousand nine hundred and seventy-one.

E. ROBERT SEAVER

Clerk of the Supreme Court of the<br>United States.

"No. 5014, October Term, 1970
Albert Bobby Childs,
v
North Carolina"

Pursuant to this order and mandate of the United States Supreme Court, Harry C. Martin, Judge Presiding, Superior Court of Buncombe County, issued notice on 30 July 1971 to counsel of record that further proceedings in accordance with the mandate of the United States Supreme Court would be conducted on 9 August 1971. On 9 August 1971 defendant was present in the Buncombe County Superior Court, together with his counsel, James E. Ferguson, II, who filed a written motion for a new trial. After hearing arguments of counsel on the motion, Judge Martin found certain facts from the record and affidavit filed in the case and entered conclusions of law and judgments as follows:

"1. That the guilt of the defendant and his conviction of the crimes of rape and first degree burglary have not been reversed or modified by any appellate court and have been affirmed by the Supreme Court of North Carolina.

"2. That in the event the State sought to retry the defendant as to his guilt or innocence of said charges, a plea by the defendant of former jeopardy under the Fifth Amendment of the United States Constitution would probably be sustained.

"3. That it is very improbable that the State could secure the attendance of the prosecuting witness Mrs. Waller at any further proceedings in this cause, and without her presence the State could not be accorded right and justice in any retrial of the cases.

"4. That the Supreme Court of the United States has reversed the imposition of the death sentence (and this court has construed it to apply to both death sentences) and in the opinion of this court there is no sentence for possible commutation by the Chief Executive of North Carolina.

"5. Upon invalidation of the death sentences in this cause by the Supreme Court of the United States, the only permissible punishment in accord with right and justice is life imprisonment.

"6. This court has the authority, both inherent and under the laws, common and statutory, and Constitution of North Carolina, to pronounce judgments of life imprisonment against the defendant in each of the charges, rape and burglary, of which the defendant has been found guilty by the jury.

"Upon the foregoing findings of fact and conclusions of law, IT IS, THEREFORE, HEREBY ORDERED, in conformity with the judgment of the Supreme Court of the United States in this cause, and as accord with right and justice and the Constitution and laws of the United States and the Constitution and laws of North Carolina, that the defendant, Albert Bobby Childs, be sentenced to life imprisonment in Docket 65-424—Rape and Docket 65-425—first degree burglary; that following the imposition of said sentences, the clerk of this court shall issue commitments thereupon and the sheriff of Buncombe County shall forthwith transport the defendant to Raleigh, North Carolina, and place him in the custody of the North Carolina De-

partment of Corrections at Central Prison pursuant to said commitments."

Judgments of life imprisonment were thereupon entered in accordance with these conclusions. Defendant objected to the signing and entry of the judgments, gave notice of appeal, and James E. Ferguson, II, was appointed to represent defendant on appeal to the Supreme Court of North Carolina.

*Attorney General Robert Morgan and Assistant Attorney General Jacob L. Safron for the State.*

*James E. Ferguson, II, for defendant appellant.*

MOORE, Justice.

In *State v. Atkinson*, 275 N.C. 288, 167 S.E. 2d 241 (1969); *State v. Hill*, 276 N.C. 1, 170 S.E. 2d 885 (1969); *State v. Rose-boro*, 276 N.C. 185, 171 S.E. 2d 886 (1970); *State v. Sanders*, 276 N.C. 598, 174 S.E. 2d 487 (1970); *State v. Williams*, 276 N.C. 703, 174 S.E. 2d 503 (1970); and *State v. Atkinson*, 278 N.C. 168, 179 S.E. 2d 410 (1971), this Court found no error of law which would justify granting the defendants new trials or in vacating or modifying the judgments imposing the death sentence.

In each of these cases petition for writ of *certiorari* to the Supreme Court of North Carolina was filed in the United States Supreme Court. That Court on 28 June 1971 entered the following order in each case:

"June 28, 1971. On petition for writ of certiorari to the Supreme Court of North Carolina. Motion for leave to proceed *in forma pauperis* granted. Petition for writ of certiorari granted. Judgment, insofar as it imposes the death sentence, reversed. *United States v. Jackson*, 390 U.S. 570, 20 L.Ed. 2d 138, 88 S.Ct. 1209 (1968); *Pope v. United States*, 392 U.S. 651, 20 L.Ed. 2d 1317, 88 S.Ct. 2145 (1968), and case remanded to the Supreme Court of North Carolina for further proceedings. Mr. Justice Black dissents."

On 23 July 1971 the order and mandate of the United States Supreme Court was issued to the Supreme Court of North Carolina, and this Court upon remand filed opinions on

State v. Childs

7 September 1971 in each of those cases. The opinion in *State v. Hill,* 279 N.C. 371, 183 S.E. 2d 97 (1971), is typical:

"Pursuant to the mandate of the Supreme Court of the United States, this cause is remanded to the Superior Court of Edgecombe County with directions to proceed as follows:

"1. The presiding judge of the Superior Court of Edgecombe County will cause to be served on the defendant, Marie Hill, and on her attorneys of record, notice to appear during a session of said superior court at a designated time, not less than ten days from the date of the order, at which time, in open court, the defendant, Marie Hill, being present in person and being represented by her attorneys, the presiding judge, based on the verdict of guilty of murder in the first degree returned by the jury at the trial at the December 16, 1968 Criminal Session, will pronounce judgment that the defendant, Marie Hill, be imprisoned for life in the State's prison.

"2. The presiding judge of the Superior Court of Edgecombe County will issue a writ of *habeas corpus* to the official having custody of the defendant, Marie Hill, to produce her in open court at the time and for the purpose of being present when the judgment imposing life imprisonment is pronounced.

"Remanded for judgment."

See also *State v. Atkinson,* 279 N.C. 386, 183 S.E. 2d 106 (1971); *State v. Roseboro,* 279 N.C. 391, 183 S.E. 2d 108 (1971); *State v. Sanders,* 279 N.C. 389, 183 S.E. 2d 107 (1971); *State v. Williams,* 279 N.C. 388, 183 S.E. 2d 106 (1971); *State v. Atkinson,* 279 N.C. 385, 183 S.E. 2d 105 (1971).

The record in the present case discloses that Judge Martin on 9 August 1971 proceeded exactly as this Court subsequently directed the Superior Court to do in *Atkinson, Hill, Roseboro, Sanders, Williams,* and *Atkinson.* Notice was issued by Judge Martin on 30 July 1971 to counsel of record for defendant Childs that on 9 August 1971, ten days from the date of the notice, further proceedings would be conducted in accordance with the mandate of the Supreme Court of the United States. On 9 August 1971 defendant, represented by counsel James E.

Ferguson, II, was present in Buncombe Superior Court. While present in open court and represented by counsel, Judge Martin sentenced defendant to life imprisonment in each case pursuant to the mandate of the Supreme Court of the United States, based upon the verdicts of guilty of rape and first degree burglary returned by the jury at defendant's trial at the November 1965 Criminal Session of Buncombe Superior Court.

In the imposition of these judgments, after notice and hearing, and in accordance with the mandate of the Supreme Court of the United States, we find no error.

No error.

CHIEF JUSTICE BOBBITT concurring.

The dissenting opinion in the present case, and the dissenting opinions of Justice Lake in *State v. Hill*, 279 N.C. 371, 183 S.E. 2d 97; *State v. Atkinson* (rape), 279 N.C. 385, 183 S.E. 2d 105; *State v. Atkinson* (murder in the first degree), 279 N.C. 386, 183 S.E. 2d 106; *State v. Williams*, 279 N.C. 388, 183 S.E. 2d 106; *State v. Sanders*, 279 N.C. 389, 183 S.E. 2d 107; *State v. Roseboro*, 279 N.C. 391, 183 S.E. 2d 108, to the effect that a new trial should be awarded in each of these cases, are based on grounds set forth at greater length in his dissenting opinion in *State v. Hill, supra.* In each of these cases, the jury returned a verdict of guilty of murder in the first degree or a verdict of guilty of rape and did not recommend that the punishment be imprisonment for life. These dissenting opinions take the position that a judgment of imprisonment for life is permissible only if the jury so recommends and that, in the absence of this recommendation, a new trial must be awarded in respect of both guilt and punishment. As support for this position, *State v. Ruth*, 276 N.C. 36, 170 S.E. 2d 897 (1969), is cited. In respect of the point under consideration, *State v. Ruth, supra,* is based on *State v. Spence and Williams*, 274 N.C. 536, 164 S.E. 2d 593 (1968).

When *State v. Spence and Williams, supra,* and *State v. Ruth, supra,* were decided, the Supreme Court of the United States had not decided whether its decisions in *United States v. Jackson*, 390 U.S. 570, 20 L.Ed. 2d 138, 88 S.Ct. 1209 (1968), and in *Pope v. United States*, 392 U.S. 651, 20 L.Ed. 2d 1317, 88 S.Ct. 2145 (1968), invalidated the death penalty provisions

of our North Carolina statutes *with reference to capital offenses committed prior to the repeal of G.S. 15-162.1.* This statute permitted a defendant to avoid the risk of a death sentence by pleading guilty to the capital crime, thereby receiving a sentence of imprisonment for life.

In *State v. Spence and Williams,* 271 N.C. 23, 155 S.E. 2d 802 (1967), this Court upheld the conviction of these defendants for murder in the first degree and the judgments pronouncing death sentences. Thereafter, upon consideration of their petitions for *certiorari,* the Supreme Court of the United States vacated the judgments and remanded the cases for reconsideration in the light of *Witherspoon v. Illinois,* 391 U.S. 510, 20 L.Ed. 2d 776, 88 S.Ct. 1770 (1968). *Spence and Williams v. North Carolina,* 392 U.S. 649, 20 L.Ed. 2d 1350, 88 S.Ct. 2290 (1968). *Witherspoon* had held "that a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction." *Id.* at 522, 20 L.Ed. 2d at 784-85, 88 S.Ct. at 1777. Thereafter, this Court, in *State v. Spence and Williams, supra* (274 N.C. 536), held (1) that the jury which convicted Spence and Williams "was not selected according to their constitutional rights as set forth in *Witherspoon,*" and (2) that Spence and Williams were entitled to new trials both as to guilt and as to punishment. In *State v. Ruth, supra,* upon the defendant's appeal from his conviction for murder in the first degree and the judgment pronouncing a death sentence, this Court awarded a new trial both as to guilt and as to punishment solely on the ground the jury had not been selected as required by *Witherspoon.*

When *Spence-Williams* and *Ruth* were decided, the members of this Court were divided in opinion as to whether, prior to the repeal of G.S. 15-162.1, the death penalty provisions relating to murder in the first degree, rape, burglary in the first degree and arson (G.S. 14-17, G.S. 14-21, G.S. 14-52 and G.S. 14-58, respectively) were invalidated by the decisions of the Supreme Court of the United States in *Jackson* and *Pope.* The majority were of opinion that *Jackson* and *Pope* did not invalidate the death penalty provisions of our North Carolina statutes. Under this prevailing view, the award of a new trial recognized the possibility that a jury selected in compliance with

*Witherspoon* might return a verdict upon which a valid sentence of death could be imposed. The dissenting opinions were based on the view that *Jackson* and *Pope* did invalidate the death penalty provisions of the North Carolina statutes and therefore a new trial could not result in any verdict upon which a valid death sentence could be imposed.

Since *Spence-Williams* and *Ruth* were decided, the Supreme Court of the United States has held that the death penalty provisions of our North Carolina statutes in force when the crimes involved in this case and in *Hill, Atkinson, Williams, Sanders* and *Roseboro,* were committed, were invalidated by *Jackson* and *Pope.* If there were a new trial of any one of these defendants and he (she) was found guilty again of the crime of murder in the first degree or of rape, it would not be within the discretion of the jury to determine whether the punishment should be death or imprisonment for life. So far as these cases are concerned, there is no possibility of a verdict upon which a valid sentence of death could be imposed.

North Carolina statutes in force when these crimes were committed envisioned two possible punishments for murder in the first degree and for rape. While those statutes were in force, and in respect of the cases now under consideration, the Supreme Court of the United States has held that the death sentence may not be imposed. Imprisonment for life is the only alternative. A judgment which pronounces a sentence of imprisonment for life accords to a defendant the full benefit of a jury recommendation that this should be his punishment. The course suggested in these dissenting opinions would be a new trial at which a defendant convicted of murder in the first degree or rape could not be sentenced to life imprisonment unless the jury in addition to its verdict volunteered a recommendation that the punishment be imprisonment for life or unless the jury added such words to its verdict under explicit directions of the judge so as to conform to the letter of the North Carolina statutory provisions. Under this suggested course, if the jury should return a verdict of guilty of murder in the first degree or a verdict of guilty of rape and say no more, no judgment could be pronounced and therefore the defendant would be entitled to his discharge. In my opinion, no sound principle of law requires such an unrealistic and futile course.

JUSTICE HIGGINS votes to dismiss the appeal.

The defendant was indicted, tried, and convicted of rape and burglary in the first degree. The death sentences were affirmed by this Court. Thereafter the defendant, by writ of habeas corpus, obtained a review in the Federal Courts. The Supreme Court of the United States issued a directive to the Superior Court of Buncombe County commanding that the death sentences be vacated and sentences of life imprisonment substituted. The Superior Court of Buncombe County proceeded as ordered by the Supreme Court of the United States.

In my opinion the Supreme Court of North Carolina is without power to act in the premises. I vote to dismiss the appeal.

JUSTICE LAKE dissenting.

The defendant was tried in the Superior Court of Buncombe County upon two indictments, one charging him with rape, the other charging him with first degree burglary. He was found guilty as charged on each count with no recommendation by the jury as to sentence. Consequently, the superior court, at that time, imposed a sentence of death in each case. Upon appeal, this Court, unanimously, adjudged that there was no error. *State v. Childs,* 269 N.C. 307, 152 S.E. 2d 453.

Thereafter, the Superior Court of Buncombe County denied the petitioner's application to it for post conviction relief. The Court of Appeals denied his petition to it for a writ of certiorari to review that action of the superior court. The defendant then filed his petition in the Supreme Court of the United States for a writ of certiorari, which was allowed, and the Supreme Court of the United States entered its order, 29 L.Ed. 2d 859, stating:

> "On petition for writ of certiorari to the Superior Court of North Carolina, Buncombe County. Motion for leave to proceed in forma pauperis granted. Petition for writ of certiorari granted. Judgment, insofar as it imposes the death sentence, reversed and case remanded to the Superior Court of North Carolina, Buncombe County, for further proceedings. [Citations omitted.] Mr. Justice Black dissents."

Thereupon, the Superior Court of Buncombe County brought the defendant again before it, denied his motion for

a new trial, and in each case (rape and burglary) entered judgment sentencing the defendant to confinement in the Central Prison "for the remainder of his natural life." From these judgments, the defendant has now appealed to this Court, contending that he should be awarded a new trial.

The life sentences from which the defendant now appeals were not imposed by the superior court pursuant to any mandate or direction from this Court. However, the procedure followed by the superior court upon the remand of the cases to it by the Supreme Court of the United States, is that which was directed by the majority of this Court to be followed by the respective superior courts in cases contemporaneously remanded to us by the Supreme Court of the United States. *State v. Hill,* 279 N.C. 371, 183 S.E. 2d 97; *State v. Atkinson* (rape), 279 N.C. 385, 183 S.E. 2d 105; *State v. Atkinson* (murder in the first degree), 279 N.C. 386, 183 S.E. 2d 106; *State v. Williams,* 279 N.C. 388, 183 S.E. 2d 106; *State v. Sanders,* 279 N.C. 389, 183 S.E. 2d 107; *State v. Roseboro,* 279 N.C. 391, 183 S.E. 2d 108.

Neither in the present cases nor in the cases above cited, which were remanded by the Supreme Court of the United States to us and by us to the respective superior courts which tried them, did the Supreme Court of the United States direct the imposition of a sentence to imprisonment for life.

In each of the above cited cases so remanded to this Court by the Supreme Court of the United States, I voted to affirm the imposition of the death sentence on the initial appeal to this Court, just as I did in the present cases. I am still aware of no error in those judgments. However, the Supreme Court of the United States has held there was error in each of the cases, so the death sentences affirmed by this Court cannot be carried out. Upon the remand by us to the appropriate superior court of each of the above cited cases, subsequent to the order of the Supreme Court of the United States reversing the judgment therein, "insofar as it imposes the death penalty," I dissented from the decision of this Court directing the superior court to enter a sentence to life imprisonment. The reasons for my dissents therein are stated in my dissenting opinion in *State v. Hill, supra,* at p. 378. I adhere to the views there expressed.

Neither the Supreme Court of the United States nor this Court may lawfully direct or authorize a superior court of

North Carolina to enter a judgment imposing a sentence to imprisonment, which sentence is not supported by the verdict of the jury in the record. The Supreme Court of the United States has not directed the superior court to enter life sentences in this defendant's cases. As in the above cited cases, the sentences to imprisonment for life now imposed by the Superior Court of Buncombe County upon this defendant are not supported by the verdict of the jury. The only sentence supported by that verdict is a sentence to death. Consequently, a valid sentence to imprisonment for life cannot be imposed upon this defendant in either of these cases without a new trial and a new verdict.

The defendant, having appealed to this Court and having requested a new trial, both upon the present appeal and upon the original appeal to this Court, as well as in the superior court, may not complain, if his request be granted, that such new trial violates his constitutional protection against double jeopardy.

At the hearing in the superior court, pursuant to the remand from the Supreme Court of the United States, it was made to appear that the prosecuting witness is now physically unable to testify if such new trial were to be ordered. In that event, it does not necessarily follow that the defendant would be acquitted at the new trial. The sworn, recorded testimony of the prosecuting witness at the former trial could be offered in evidence by the State. *State v. Cope,* 240 N.C. 244, 81 S.E. 2d 773; Stansbury, North Carolina Evidence, 2d Ed, § 145; 31A CJS, Evidence, § 396.