STATE OF NORTH CAROLINA v. JAMES NATHANIEL WESTBROOK, JR.

No. 130

(Filed 31 August 1972)

**Homicide § 31; Criminal Law § 135— first degree murder — death sentence — remand for sentence of life imprisonment**

Pursuant to a mandate of the Supreme Court of the United States vacating the death penalty imposed upon defendant for first degree murder, the case is remanded to the superior court for imposition of a sentence of life imprisonment.

State v. Westbrook

On remand from the Supreme Court of the United States.

HUSKINS, Justice.

At the 2 November 1970 Criminal Session of the Superior Court of MECKLENBURG County defendant was tried and convicted of the crime of murder in the first degree and sentenced to death. Upon defendant's appeal this Court found no error in the verdict and judgment of the superior court. *State v. Westbrook*, 279 N.C. 18, 181 S.E. 2d 572 (1971). Defendant then filed a petition for writ of certiorari to the Supreme Court of the United States, and on 29 July 1972 this Court received from the Supreme Court of the United States the following mandate:

"UNITED STATES OF AMERICA, SS:

"THE PRESIDENT OF THE UNITED STATES OF AMERICA

"To the Honorable the Judges of the Supreme Court of the State of North Carolina,

"GREETINGS:

"WHEREAS, lately in the Supreme Court of the State of North Carolina, _____ there came before you a cause between the State of North Carolina and James Nathaniel Westbrook, Jr., No. 94, Fall [sic] Term, 1971, wherein the judgment of the said Supreme Court was duly entered on the tenth day of June A.D. 1971, as appears by an inspection of the petition for writ of certiorari to the said Supreme Court and the response thereto.

"AND WHEREAS, in the 1971 Term, the said cause having been submitted to the SUPREME COURT OF THE UNITED STATES on the said petition for writ of certiorari and response thereto, and the Court having granted the said petition:

"ON CONSIDERATION WHEREOF, it was ordered and adjudged on June 29, 1972, by this Court that the judgment of the Supreme Court of North Carolina in this cause be vacated insofar as it leaves undisturbed the death penalty imposed, and that this cause be remanded to the Supreme Court of the State of North Carolina for further proceedings. See *Stewart v. Massachusetts*, 408 U.S. 845 (1972).

"NOW, THEREFORE, THE CAUSE IS REMANDED to you in order that such proceedings may be had in the said cause, in con-

State v. Westbrook

formity with the judgment of this Court above stated, as accord with right and justice, and the Constitution and laws of the United States, the said writ of certiorari notwithstanding.

"Witness the Honorable WARREN E. BURGER, Chief Justice of the United States, the twenty-sixth _____day of July in the year of our Lord one thousand nine hundred and seventy-two.

MICHAEL RODAK, JR.
Clerk of the Supreme Court of the
United States

No. 71-5395

James Nathaniel Westbrook, Jr.,

v.

North Carolina"

The opinion in *Stewart v. Massachusetts,* referred to in the foregoing mandate, is as follows:

"PER CURIAM.

The appellant in this case was sentenced to death. The imposition and carrying out of that death penalty constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. *Furman v. Georgia,* 408 U.S. 238 (1972). The motion for leave to proceed *in forma pauperis* is granted. The judgment is therefore vacated insofar as it leaves undisturbed the death penalty imposed, and the case is remanded for further proceedings."

Pursuant to the foregoing mandate of the Supreme Court of the United States vacating the death penalty imposed upon defendant, this cause is remanded to the Superior Court of Mecklenburg County with directions to proceed as follows:

1. The presiding judge of the Superior Court of Mecklenburg County will cause to be served on the defendant, James Nathaniel Westbrook, Jr., and on his attorneys of record, notice to appear during a session of said superior court at a designated time, not less than ten days from the date of the order, at which time, in open court, the defendant, being present in person and being represented by his attorneys, the presiding judge, based on the verdict of guilty of murder in the first degree returned

by the jury at the trial at the 2 November 1970 Criminal Session, will pronounce judgment that defendant be imprisoned for life in the State's prison.

2. The presiding judge of the Superior Court of Mecklenburg County will issue a writ of habeas corpus to the official having custody of the defendant, James Nathaniel Westbrook, Jr., to produce him in open court at the time and for the purpose of being present when the judgment imposing life imprisonment is pronounced.

The foregoing accords with our previous orders entered in the following cases: *State v. Hill,* 279 N.C. 371, 183 S.E. 2d 97; *State v. Atkinson,* 279 N.C. 385, 183 S.E. 2d 105; *State v. Atkinson,* 279 N.C. 386, 183 S.E. 2d 106; *State v. Williams,* 279 N.C. 388, 183 S.E. 2d 106; *State v. Sanders,* 279 N.C. 389, 183 S.E. 2d 107; *State v. Roseboro,* 279 N.C. 391, 183 S.E. 2d 108 (1971); *State v. Childs,* 280 N.C. 576, 187 S.E. 2d 78 (1972).

Remanded for judgment.