STATE OF NORTH CAROLINA v. RAY HAMBY
— AND —
STATE OF NORTH CAROLINA v. CRAIG BARRY CHANDLER

No. 129

(Filed 31 August 1972)

**Homicide § 31; Criminal Law § 135— first degree murder — death penalty — remand for sentence of life imprisonment**

> Pursuant to a mandate of the Supreme Court of the United States vacating sentences of death imposed upon defendants for first degree murder, the case is remanded to the superior court for imposition of sentences of life imprisonment.

ON remand from the Supreme Court of the United States.

SHARP, Justice.

At the 8 September 1969 Session of the Superior Court of LINCOLN County defendants were tried and convicted of the crime of murder in the first degree, and each was sentenced to death. Upon defendants' appeal this Court found no error in the verdicts and judgments of the Superior Court. *State v. Hamby* and *State v. Chandler,* 276 N.C. 674, 174 S.E. 2d 385 (1970). Defendants then filed a petition for writ of certiorari in the Supreme Court of the United States. On 29 July 1972 this Court received from the Supreme Court of the United States the following mandate:

"UNITED STATES OF AMERICA, SS:

"THE PRESIDENT OF THE UNITED STATES OF AMERICA

"To the Honorable the Judges of the Supreme Court of the State of North Carolina,

"GREETINGS:

"WHEREAS, lately in the Supreme Court of the State of North Carolina, _____ there came before you a cause between the State of North Carolina and Ray Hamby and Craig Barry Chandler, No. 4, Spring Term, 1970, wherein the judgment of the said Supreme Court was duly entered on the twelfth day of June A.D. 1970, as appears by an inspection of the petition for writ of certiorari to the said Supreme Court and the response thereto.

"AND WHEREAS, in the 1971 Term, the said cause having been submitted to the SUPREME COURT OF THE UNITED STATES on the said petition for writ of certiorari and response thereto, and the Court having granted the said petition:

"ON CONSIDERATION WHEREOF, it was ordered and adjudged on June 29, 1972, by this Court that the judgment of the Supreme Court of North Carolina in this cause be vacated insofar as it leaves undisturbed the death penalty imposed, and that this cause be remanded to the Supreme Court of the State of North Carolina for further proceedings. See *Stewart v. Massachusetts,* 408 U.S. 845 (1972).

"NOW, THEREFORE, THE CAUSE IS REMANDED to you in order that such proceedings may be had in the said cause, in conformity with the judgment of this Court above stated, as accord with right and justice, and the Constitution and laws of the United States, the said writ of certiorari notwithstanding.

"Witness the Honorable WARREN E. BURGER, Chief Justice of the United States, the twenty-sixth _____ day of July in the year of our Lord one thousand nine hundred and seventy-two.

MICHAEL RODAK, JR.
Clerk of the Supreme Court of the
United States

No. 70-5006
Ray Hamby and Craig Barry
 Chandler

v.

North Carolina"

The opinion in *Stewart v. Massachusetts,* referred to in the foregoing mandate, is as follows:

"PER CURIAM.

The appellant in this case was sentenced to death. The imposition and carrying out of that death penalty constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. *Furman v. Georgia,* 408 U.S. 238 (1972). The motion for leave to proceed *in forma pauperis* is

granted. The judgment is therefore vacated insofar as it leaves undisturbed the death penalty imposed, and the case is remanded for further proceedings."

Pursuant to the foregoing mandate of the Supreme Court of the United States vacating the death penalty imposed upon defendants, this cause is remanded to the Superior Court of Lincoln County with directions to proceed as follows:

1. The presiding judge of the Superior Court of Lincoln County will cause to be served on the defendants, Ray Hamby and Craig Barry Chandler, and on their attorneys of record, notice to appear at a designated time during a session of said Superior Court authorized to hear criminal cases. The time fixed shall not be less than ten days from the date of the order. At that time, defendants being present in open court and represented by their attorneys, based on the verdicts of guilty of murder in the first degree returned by the jury at their trial at the 8 September 1969 Session, the presiding judge will pronounce judgment that each defendant be imprisoned for life at the State's prison.

2. The presiding judge of the Superior Court of Lincoln County will issue a writ of habeas corpus to the official having custody of the defendants Hamby and Chandler to produce them in open court at the time and for the purpose of being present when the judgment imposing life imprisonment is pronounced.

The foregoing is in accordance with our previous orders entered in the following cases: *State v. Hill*, 279 N.C. 371, 183 S.E. 2d 97; *State v. Atkinson*, 279 N.C. 385, 183 S.E. 2d 105; *State v. Atkinson*, 279 N.C. 386, 183 S.E. 2d 106; *State v. Williams*, 279 N.C. 388, 183 S.E. 2d 106; *State v. Sanders*, 279 N.C. 389, 183 S.E. 2d 107; *State v. Roseboro*, 279 N.C. 391, 183 S.E. 2d 108 (1971); *State v. Childs*, 280 N.C. 576, 187 S.E. 2d 78 (1972).

Remanded for judgment.