STATE OF NORTH CAROLINA v. DANNY CHANCE

No. 133

(Filed 31 August 1972)

**Rape § 7; Criminal Law § 135— rape — death sentence — remand for sentence of life imprisonment**

Pursuant to a mandate of the Supreme Court of the United States vacating the death penalty imposed upon defendant for the crime of rape, the case is remanded to the superior court for imposition of a sentence of life imprisonment.

ON remand from the Supreme Court of the United States.

BRANCH, Justice.

At the 29 March 1971 Session of the Superior Court of CUMBERLAND County, North Carolina, defendant was tried and convicted of the crime of rape and sentenced to death. Upon defendant's appeal, this Court found no error in the trial and judgment. *State v. Chance,* 279 N.C. 643, 185 S.E. 2d 227 (1971). Defendant then filed a petition for writ of certiorari in the Supreme Court of the United States. On 29 July 1972 this Court received from the Supreme Court of the United States the following mandate:

"UNITED STATES OF AMERICA, SS:

"THE PRESIDENT OF THE UNITED STATES OF AMERICA

"To the Honorable the Judges of the Supreme Court of the State of North Carolina,

"GREETINGS:

"WHEREAS, lately in the Supreme Court of the State of North Carolina, _____ there came before you a cause between the State of North Carolina and Danny Chance, No. 78, Fall Term, 1971, wherein the judgment of the said Supreme Court was duly entered on the fifteenth day of December A.D. 1971, as appears by an inspection of the petition for writ of certiorari to the said Supreme Court and the response thereto.

"AND WHEREAS, in the 1971 Term, the said cause having been submitted to the SUPREME COURT OF THE UNITED STATES on the said petition for writ of certiorari and response thereto, and the Court having granted the said petition:

State v. Chance

"ON CONSIDERATION WHEREOF, it was ordered and adjudged on June 29, 1972, by this Court that the judgment of the said Supreme Court of North Carolina in this cause be vacated insofar as it leaves undisturbed the death penalty imposed, and that this cause be remanded to the Supreme Court of the State of North Carolina for further proceedings. See *Stewart v. Massachusetts,* 408 U.S. 845 (1972).

"NOW, THEREFORE, THE CAUSE IS REMANDED to you in order that such proceedings may be had in the said cause, in conformity with the judgment of this Court above stated, as accord with right and justice, and the Constitution and laws of the United States, the said writ of certiorari notwithstanding.

"Witness the Honorable WARREN E. BURGER, Chief Justice of the United States, the twenty-sixth _____ day of July _____ in the year of our Lord one thousand nine hundred and seventy-two.

MICHAEL RODAK, JR.
Clerk of the Supreme Court of the
United States

No. 71-6224

Danny Chance

v.

North Carolina"

The opinion in *Stewart v. Massachusetts,* referred to in the foregoing mandate, is as follows:

"PER CURIAM.

The appellant in this cause was sentenced to death. The imposition and carrying out of that death penalty constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. *Furman v. Georgia,* 408 U.S. 238 (1972). The motion for leave to proceed *in forma pauperis* is granted. The judgment is therefore vacated insofar as it leaves undisturbed the death penalty imposed, and the case is remanded for further proceedings."

Pursuant to the foregoing mandate of the Supreme Court of the United States vacating the death penalty imposed upon

defendant, this cause is remanded to the Superior Court of Cumberland County with directions to proceed as follows:

(1) The presiding judge of the Superior Court of Cumberland County shall cause to be served on the defendant, Danny Chance, and on his attorneys of record, notice to appear at a designated time during a session of said Superior Court authorized to hear criminal cases. The time fixed shall not be less than ten days from the date of the order. At that time, defendant being present in open court and represented by his attorneys, based on the verdict of guilty of rape returned by the jury at his trial at the 29 March 1971 Session, the presiding judge will pronounce judgment that defendant be imprisoned for life in the State's prison.

(2) The presiding judge of the Superior Court of Cumberland County will issue a writ of habeas corpus to the official having custody of the defendant, Danny Chance, to produce him in open court at the time and for the purpose of being present when the judgment imposing life imprisonment is pronounced.

The foregoing is in accordance with our previous orders entered in the following cases: *State v. Hill,* 279 N.C. 371, 183 S.E. 2d 97; *State v. Atkinson,* 279 N.C. 385, 183 S.E. 2d 105; *State v. Atkinson,* 279 N.C. 386, 183 S.E. 2d 106; *State v. Williams,* 279 N.C. 388, 183 S.E. 2d 106; *State v. Sanders,* 279 N.C. 389, 183 S.E. 2d 107; *State v. Roseboro,* 279 N.C. 391, 183 S.E. 2d 108 (1971); *State v. Childs,* 280 N.C. 576, 187 S.E. 2d 78 (1972).

Remanded for judgment.