STATE OF NORTH CAROLINA v. JOHNNIE FRAZIER

No. 12

(Filed 14 March 1973)

**Homicide § 31; Criminal Law § 135— first degree murder — death sentence — remand for sentence of life imprisonment**

> Pursuant to a mandate of the Supreme Court of the United States vacating the death penalty imposed upon defendant for first degree murder, the case is remanded to the superior court for imposition of a sentence of life imprisonment.

ON remand from the Supreme Court of the United States.

LAKE, Justice.

At the 13 April 1971 Session of the Superior Court of MECKLENBURG County, defendant was tried and convicted of: (1) The murder in the first degree of Carla Jean Underwood; (2) the kidnapping of Rose Collins; and (3) the armed robbery of Rose Collins. Pursuant to the verdicts, the court sentenced the defendant to imprisonment for 30 years for the crime of robbery and to imprisonment for life for the crime of kidnapping, this sentence to commence at the expiration of the sentence for armed robbery, and sentenced him to death for the crime of murder in the first degree. Upon defendant's appeal this Court found no error in the trial or in the judgment of the superior court. *State v. Frazier*, 280 N.C. 181, 185 S.E. 2d 652. Defendant then filed a petition for writ of certiorari to the Supreme Court of the United States, and on 18 December 1972 this Court received from the Supreme Court of the United States the following mandate:

"UNITED STATES OF AMERICA, SS:

"THE PRESIDENT OF THE UNITED STATES OF AMERICA

"To the Honorable the Judges of the Supreme Court of the State of North Carolina,

"GREETINGS:

"WHEREAS, lately in the Supreme Court of the State of North Carolina, _____ ___ there came before you a cause between the State of North Carolina and Johnnie Frazier, No. 114, wherein the judgment of the said Supreme

State v. Frazier

Court was duly entered on the fourteenth day of January A.D. 1972, as appears by an inspection of the petition for writ of certiorari to the said Supreme Court and the response thereto.

"AND WHEREAS, in the 1972 Term, the said cause having been submitted to the SUPREME COURT OF THE UNITED STATES on the said petition for writ of certiorari and response thereto, and the Court having granted the said petition:

"ON CONSIDERATION WHEREOF, it was ordered and adjudged on November 13, 1972, by this Court that the judgment of the Supreme Court of North Carolina in this cause be vacated, and that this cause be remanded to the Supreme Court of the State of North Carolina for further consideration in light of *Stewart v. Massachusetts*, 408 U.S. 845 (1972).

"NOW, THEREFORE, THE CAUSE IS REMANDED to you in order that such proceedings may be had in the said cause, in conformity with the judgment of this Court above stated, as accord with right and justice, and the Constitution and laws of the United States, the said writ of certiorari notwithstanding.

"Witness the Honorable WARREN E. BURGER, Chief Justice of the United States, the twelfth _____ day of December _____ in the year of our Lord one thousand nine hundred and seventy-two.

MICHAEL RODAK, JR.

Clerk of the Supreme Court of the
United States

By Julian S. Garza, Jr.
Deputy

No. 72-5317

Johnnie Frazier
        v.
North Carolina"

The opinion in *Stewart v. Massachusetts,* referred to in the foregoing mandate, is as follows:

"PER CURIAM.

"The appellant in this case was sentenced to death. The imposition and carrying out of that death penalty constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. *Furman v. Georgia,* 408 U.S. 238 (1972). The motion for leave to proceed *in forma pauperis* is granted. The judgment is therefore vacated insofar as it leaves undisturbed the death penalty imposed, and the case is remanded for further proceedings."

Pursuant to the foregoing mandate of the Supreme Court of the United States vacating the death penalty imposed upon defendant, this cause is remanded to the Superior Court of Mecklenburg County with directions to proceed as follows:

(1) The presiding judge of the Superior Court of Mecklenburg County will cause to be served on the defendant, Johnnie Frazier, and on his attorney of record, notice to appear during a session of said superior court at a designated time, not less than ten days from the date of the order, at which time, in open court, the defendant, being present in person and being represented by his attorney, the presiding judge, based on the verdict of guilty of murder in the first degree returned by the jury at the trial at the 13 April 1971 Session, will pronounce judgment that the defendant be imprisoned for life in the State's prison for the crime of murder in the first degree, this sentence to commence at the expiration of the sentence to imprisonment for life imposed upon the defendant at the 13 April 1971 Session for the crime of kidnapping.

(2) The presiding judge of the Superior Court of Mecklenburg County will issue a writ of habeas corpus to the official having custody of the defendant, Johnnie Frazier, to produce him in open court at the time and for the purpose of being present when the judgment imposing life imprisonment is pronounced.

The foregoing accords with our previous orders entered in the following cases: *State v. Doss,* 281 N.C. 751, 191 S.E. 2d 70; *State v. Westbrook,* 281 N.C. 748, 191 S.E. 2d 68; *State v. Chance,* 281 N.C. 746, 191 S.E. 2d 65; *State v. Hamby* and *State v. Chandler,* 281 N.C. 743, 191 S.E. 2d 66; *State v. Miller,*

281 N.C. 740, 190 S.E. 2d 841; *State v. Childs*, 280 N.C. 576, 187 S.E. 2d 78; *State v. Roseboro*, 279 N.C. 391, 183 S.E. 2d 108; *State v. Sanders*, 279 N.C. 389, 183 S.E. 2d 107; *State v. Williams*, 279 N.C. 388, 183 S.E. 2d 106; *State v. Atkinson*, 279 N.C. 386, 183 S.E. 2d 106; *State v. Atkinson*, 279 N.C. 385; 183 S.E. 2d 105; *State v. Hill*, 279 N.C. 371, 183 S.E. 2d 97.

Nothing in this opinion shall be deemed to affect the sentences imposed upon this defendant by the Superior Court of Mecklenburg County at its 13 April 1971 Session for the crimes of robbery and kidnapping, hereinabove mentioned, the said sentences to remain in full force and effect, this Court having found no error therein. See *State v. Frazier, supra.*

Remanded for judgment.