STATE OF NORTH CAROLINA v. DENNIS L. GREENE

No. 774SC270

(Filed 21 September 1977)

1. **Criminal Law § 92.3— three offenses by one defendant—two victims—consolidation proper**

The trial court did not err in consolidating for trial charges of kidnapping and rape of one victim and assault with intent to commit rape on another victim,

since the three offenses occurred in a single afternoon within a three-hour period, with a time lapse of approximately one hour and twenty-five minutes between offenses; the offenses were similar in nature and occurred within such a short time span that they could logically be considered all parts of a continuing program of action by defendant; and evidence of the offense against either victim was competent to show defendant's attitude and purpose in connection with the offense or offenses against the other.

2. **Criminal Law § 92— consolidation—single scheme or plan—nature of offenses properly considered**

    The nature of the offenses is one of the factors which may properly be considered in determining whether certain acts or transactions constitute "parts of a single scheme or plan," as those words are used in G.S. 15A-926(a).

APPEAL by defendant from *Rouse, Judge.* Judgments entered 15 September 1976 in Superior Court, ONSLOW County. Heard in the Court of Appeals 25 August 1977.

Defendant was charged in an indictment with the felonious assault on Mrs. Debbie Elerick with intent to commit rape. He was also charged in two other indictments with the second degree rape and kidnapping of Mrs. Catherine A. Rutherford. Defendant pled not guilty, and the cases were consolidated for trial.

The State presented evidence to show that on the afternoon of 3 May 1976, at approximately two o'clock, the defendant came to Mrs. Elerick's apartment posing as a painter employed by the apartment management. Upon being admitted to the apartment, he committed the assault as charged and then left the apartment at approximately 2:45 p.m. Later that same afternoon at approximately 4:10 p.m., Mrs. Rutherford was walking to work, and defendant gave her a ride in his car. Instead of taking her to work, however, the defendant took her to a clearing in the woods and raped her.

Defendant testified and denied that he was the person who assaulted Mrs. Elerick. He admitted that he gave Mrs. Rutherford a ride and engaged in sexual intercourse with her, but he testified that she participated voluntarily.

The jury found defendant guilty on two counts of assault with intent to commit rape. From judgments imposing prison sentences, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General James Wallace, Jr., for the State.*

*Bailey and Raynor by Edward G. Bailey for defendant appellant.*

PARKER, Judge.

In his brief the defendant presents but one question for review, being the question raised by his first assignment of error. The questions raised by his remaining assignments of error are deemed abandoned. Rule 28(a), North Carolina Rules of Appellate Procedure.

[1]  Defendant's sole contention on this appeal is that the trial court committed prejudicial error in overruling his objection to the State's motion to consolidate all three charges for trial. He admits that the charges of kidnapping and second degree rape were properly joined because those offenses involved a single victim and occurred at virtually the same time. He points out, however, that the third offense, assault with intent to commit rape, involved a different victim and occurred at a different time than the other offenses, and he contends that his defense of the rape and kidnapping charges was unreasonably prejudiced when the State was permitted to introduce evidence of the earlier offense against Mrs. Elerick. We find no error.

G.S. 15A-926(a) provides in part that "[t]wo or more offenses may be joined . . . for trial when the offenses . . . are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." Here, the State's evidence showed "a series of acts or transactions connected together." The offenses for which defendant was tried occurred in a single afternoon within a three-hour period, with a time lapse of approximately one hour and twenty-five minutes between offenses. The offenses were similar in nature and occurred within such a short time span that they could logically be considered "all parts of a continuing program of action by the defendant." *State v. Frazier*, 280 N.C. 181, 195, 185 S.E. 2d 652, 661 (1972), *death sentence vacated*, 283 N.C. 99, 195 S.E. 2d 33 (1973). Evidence of the offense against either victim was competent to show defendant's attitude and purpose in connection with the offense or offenses against the other. *State v. Davis*, 229 N.C. 386, 50 S.E. 2d 37 (1948); *State v. Edwards*, 224 N.C. 527, 31 S.E. 2d 516 (1944); *State v. Gainey*, 32 N.C. App. 682, 233 S.E. 2d 671 (1977); 1 Stansbury's N.C. Evidence (Brandis Rev.), § 92, p. 299; Annot., 167 A.L.R. 565 (1947); Annot., 77 A.L.R. 2d 841 (1961). Under these circumstances, the consolidation of the cases against defendant for trial was within the sound discretion of the trial judge. *State v. Jarrette*, 284 N.C. 625, 202 S.E. 2d 721 (1974), *death sentence vacated*, 428 U.S. 903, 96 S.Ct. 3205, 49 L.Ed. 2d 1206 (1976). No abuse of discretion has been shown.

**[2]**  Defendant contends that a consideration of the class or nature of the offenses is improper in making a decision to consolidate because the legislature, in enacting G.S. 15A-926(a), omitted the clause which appeared in former G.S. 15-152 permitting consolidation of charges "for two or more transactions of the same class of crimes or offenses." However, that clause could arguably apply to offenses which have no connection other than being of the same class. In any event, we hold that the nature of the offenses is one of the factors which may properly be considered in determining whether certain acts or transactions constitute "parts of a single scheme or plan," as those words are used in present G.S. 15A-926(a).

In defendant's trial we find

No error.

Judges MARTIN and ARNOLD concur.