STATE OF NORTH CAROLINA v. JAMES MONROE CUMMINGS

No. 37

(Filed 12 December 1973)

**Criminal Law § 138; Homicide § 31— severity of sentence**

Sentence of death was improperly imposed upon defendant in this first degreee murder case where the offense was committed prior to the date of *S. v. Waddell;* therefore, the case is remanded for imposition of sentence of life imprisonment.

DEFENDANT appeals from judgment of *Braswell, J.,* 19 March 1973 Session, JOHNSTON Superior Court.

Defendant was tried upon a bill of indictment, proper in form, charging him with the first degree murder of Charles H. Lee on 2 December 1972.

The State's evidence tends to show that on Saturday, 2 December 1972, James Monroe .Cummings, Mary Louise Chance and Dale Brown were together at a house between Lillington and Sanford. After drinking intoxicants for awhile they left for Raleigh in a green Dodge pickup truck with Cummings driving. They took a half gallon jar of corn liquor with them and purchased a jar of homemade grape wine on the way. After spending approximately two hours in Raleigh, they started back to Lillington with Cummings driving. In Clayton, Cummings stopped and asked Marvin James Johnson how to get to Lillington. Johnson went to the police station and reported that three people he adjudged to be drunk were traveling east on Main Street in a green Dodge truck.

Officer Charles H. Lee was dispatched to investigate. He stopped the green Dodge truck, arrested the three occupants and placed them in the back seat of his patrol car. Officer Lee then removed the two jars from the Dodge truck and put them in the police car. While this was taking place, Cummings stated that he was going to kill the officer. When Officer Lee entered the police car and closed the left door, James Monroe Cummings fired two bullets into the back of the officer's head. Defendant Cummings, Mary Louise Chance and Dale Brown then left the police car, re-entered the green Dodge truck and drove away. Cummings said, "That damn pig won't stop anybody else. . . . He won't never convict nobody else of driving under the influence." They drove to Angier where they were arrested. A .32 caliber revolver (State's Exhibit 7) was removed from the floorboard of the green Dodge pickup and later examined in the firearms laboratory at the State Bureau of Investigation Offices in Raleigh. It contained one round of ammunition and two cartridge casings in the cylinder. An expert firearms examiner testified that the spent cartridge casings were fired from the revolver found· on the floorboard of the green Dodge truck.

An expert pathologist testified that Charles H. Lee died as a result of the two bullet wounds to the head.

Defendant offered no evidence. The jury returned a verdict of guilty of murder in the first degree and defendant was sen-

tenced to death. His appeal brings the case to this Court for review.

*Robert Morgan, Attorney General; Emerson D. Wall, Associate Attorney, for the State of North Carolina.*

*Wiley Narron, Attorney for defendant appellant.*

HUSKINS, Justice.

Defendant's first assignment of error is based on exceptions to the solicitor's argument to the jury that the State was not seeking the death penalty. This assignment requires no discussion, for the disposition of defendant's second assignment with respect to the judgment is determinative of all matters involved on this appeal.

A sentence of death was pronounced in this case under a misapprehension of the law and must therefore be vacated.

For the reasons stated in *State v. Waddell,* 282 N.C. 431, 194 S.E. 2d 19 (18 January 1973), the mandatory death penalty for capital offenses may not be constitutionally applied to any offense committed prior to the date of that decision. The *Waddell* decision was filed on 18 January 1973, and this offense was committed on 2 December 1972. Thus defendant's death sentence cannot stand. The case must be remanded to the Superior Court of Johnston County for imposition of a sentence of life imprisonment. This procedure accords with many decisions of this Court, including *State v. Blackmon,* 284 N.C. 1, 199 S.E. 2d 431 (1973); *State v. Watkins,* 283 N.C. 504, 196 S.E. 2d 750 (1973); *State v. Washington,* 283 N.C. 175, 195 S.E. 2d 534 (1973); *State v. Waddell, supra; State v. Doss,* 281 N.C. 751, 191 S.E. 2d 70 (1972); *State v. Westbrook,* 281 N.C. 748, 191 S.E. 2d 68 (1972); *State v. Chance,* 281 N.C. 746, 191 S.E. 2d 65 (1972); *State v. Hamby* and *State v. Chandler,* 281 N.C. 743, 191 S.E. 2d 66 (1972); *State v. Miller,* 281 N.C. 740, 190 S.E. 2d 841 (1972).

For the reasons stated, the judgment of the Superior Court of Johnston County insofar as it imposed the death penalty upon this defendant is reversed. The case is remanded to the Superior Court of Johnston County with directions to proceed as follows:

1. The presiding judge of the Superior Court of Johnston County will cause to be served on the defendant James Monroe

Cummings, and on his counsel of record, notice to appear during a session of said Superior Court at a designated time, not less than ten days from the date of the notice, at which time, in open court, the defendant James Monroe Cummings, being present in person and being represented by his counsel, the presiding judge, based on the verdict of guilty of murder in the first degree returned by the jury at the trial of this case at the 19 March 1973 Session, will pronounce judgment that the defendant James Monroe Cummings be imprisoned for life in the State's prison.

2. The presiding judge of the Superior Court of Johnston County will issue a writ of habeas corpus to the official having custody of the defendant James Monroe Cummings to produce him in open court at the time and for the purpose of being present when the judgment imposing life imprisonment is pronounced.

REMANDED FOR JUDGMENT.